UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TONYA HAUKAAS,<br><br>            Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY,<br><br>            Defendant. | CIV. #20- 4061<br><br><br>**COMPLAINT AND<br>DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff Tonya Haukaas, by and through her attorneys, and hereby states and alleges as follows:

## PARTIES

1.    Plaintiff Tonya Haukaas is a resident of Sturgis, South Dakota.

2.    Defendant Liberty Mutual Insurance Company ("Liberty Mutual") is a Massachusetts company with its principal place of business in the State of Massachusetts.

## JURISDICTION

3.    The amount in controversy exceeds $75,000.

4.    Jurisdiction herein is based on 28 U.S.C. § 1332, Diversity of Citizenship.

## FACTUAL SUMMARY

5.    At all times relevant to this Complaint, Plaintiff Tonya Haukaas worked as a certified nursing assistant ("CNA") at the Aspen Grove Assisted Living, which is a d/b/a of LE Holding, LLC.

1

6. Defendant Liberty Mutual provided and administered workers' compensation insurance coverage for LE Holding, LLC, including Haukaas's claim.

7. On January 31, 2015, in the course of her work-related activities at Aspen Grove Assisted Living, Haukaas assisted one of the residents that had fallen and needed help getting up.

8. The resident weighed in excess of 200 pounds.

9. Haukaas and another worker lifted the resident off the floor with the help of a gait belt, but then the resident started to fall backwards and Haukaas injured her lower left back when she twisted to grab the resident to prevent her from falling again.

10. Haukaas sought medical care and incurred medical expenses as a result of her work-related injury.

11. Haukaas continued having lower left back pain and was removed from work for approximately six weeks, at which time she returned to light duty work.

13. On April 2, 2015, Haukaas re-injured her back at work.

14. April 22, 2015, was the last date the Haukaas was able to work.

15. Initially, Haukaas's back pain was treated conservatively with physical therapy and pain medication.

16. Eventually, Dr. Brett Lawlor performed an epidural steroid injection and then later facet injections in effort to relieve Haukaas's pain.

17. On October 7, 2015, Dr. Lawlor recommended that Haukaas undergo a medial branch block with a possible rhizotomy.

18. Liberty Mutual initially accepted Haukaas's workers' compensation claim as compensable and paid her benefits.

19. On September 24, 2015, Haukaas was seen by Dr. Jeffery Nipper, an orthopedic surgeon, for an "independent medical examination" at the request of Liberty Mutual.

20. Dr. Nipper is known to have a close relationship with insurance companies and routinely provides insurers with biased medical opinions.

21. Dr. Nipper has testified that he performs at least five "independent medical examinations" per week, which results in a minimum of 250 per year, for insurers and their attorneys.

22. Upon information and belief, Dr. Nipper overwhelming renders opinions in favor of insurers and their attorneys when he performs "independent medical examinations."

23. Liberty Mutual knew, or should have known, that Dr. Nipper regularly and routinely provided opinions to insurance companies that reduce the insurer's claim payments, and that he was predictably biased in favor of the party retaining his services.

24. On October 31, 2015, Dr. Nipper provided a report stating that Haukaas sustained nothing more than "a lumbosacral strain/sprain during the event of January 31, 2015. No other injury was sustained during that event."

25. Dr. Nipper, as he typically does, concluded that "the lumbosacral strain/sprain injury would have resolved by approximately six weeks following the event in question." He further opined that any on-going issues Haukaas was having were as a result of preexisting injuries and that she needed no further medical treatment, diagnostic evaluation or any other forms of therapy in connection with her work-related injury.

26. Dr. Nipper reached these conclusions despite the fact that it had been nearly eight months since Haukaas's injury and her lower left back pain had not resolved.

3

27.    The Nipper report was transparently biased. For example, Nipper's report stated that Haukaas suffered from a six-week sprain/strain that had resolved long ago. In fact, medical records showed that Haukaas suffered from continuing and worsening left low back pain in the months after her injury. Additionally, on August 11, 2015 (almost seven months after her injury), Dr. Lawlor noted "she is quite incapacitated because of her pain," had "left paraspinous spasm", and "significantly decreased segmental motion for side bending and extension". In addition, on October 7, 2015, Dr. Lawlor recommended a diagnostic medial branch block of the left L-3-4, L4-5, and L5-SI segments for Haukaas's left low back pain, which had then been present for almost nine months since the injury.

28.    The Nipper report was also transparently biased because it ignored Haukaas's pain complaints which were consistently present after January 31, 2015, in the same location (left low back) and documented in the medical records of Dr. Lawlor and other medical providers.

29.    If Defendants had merely discussed the discrepancies in Dr. Nipper's report with Dr. Nipper, it would have revealed that his opinions were unsupportable and contradicted by the medical records. This is evidenced by the fact that Dr. Nipper abandoned his opinion that the work injury only caused a six week strain/sprain when asked questions in his deposition on cross-examination. Specifically, Dr. Nipper testified that the medical records showed that Haukaas's left low back injury did not "resolve long ago" but worsened such that on August 11, 2015, she was "incapacitated because of her pain." Dr. Nipper also testified that he agreed with Dr. Lawlor's October 7, 2015, recommendation to perform a diagnostic medial branch block of the left L-3-4, L4-5, and L5-SI segments, which is inconsistent with Nipper's six week sprain/strain opinion.

30.    On November 3, 2015, Liberty Mutual sent Dr. Nipper's report to Haukaas and informed her that no further medical treatment or other benefits would be paid.

31.    Liberty Mutual knew, or should have known, that Dr. Nipper's report did not provide a reasonable basis for denying treatment of Haukaas's lower left back injury and that her entitlement to benefits at that point was not fairly debatable.

32.    Haukaas's treating physician Dr. Lawlor disagreed with Dr. Nipper's opinions and recommended that Haukaas proceed with the diagnostic medial branch block. He also continued to prescribe pain medication for Haukaas.

33.    Because of the denial of workers compensation benefits, Haukaas could not proceed with the diagnostic medial branch block and was limited to taking pain medications to treat her left low back injury.

34.    During the year and half time period that Haukaas went without workers' compensation benefits, her lower left back injury got progressively worse as a result of the lack of proper medical treatment and resulted in her no longer being able to work.

35.    On February 3, 2016, Haukaas, through her attorney, filed a Petition for Hearing with the Department of Labor, to enforce her right to payment for medical treatment and other workers' compensation benefits.

36.    On May 9, 2017, the South Dakota Department of Labor held that Haukaas's work injury is and remains a major contributing cause of her lower left back injury, need for medical treatment, and need for Temporary Total Disability benefits beginning on December 31, 2015.

37.    The Department rejected Dr. Nipper's opinions.

38.     Liberty Mutual did not appeal the decision of the South Dakota Department of Labor.

39.     Haukaas incurred $6,071 in litigation expenses in reaching this result before the Department of Labor.

40.     After the decision was rendered by the Department of Labor, Liberty Mutual paid Haukaas her accrued and owing temporary total disability benefits and medical expenses, upon which Haukaas paid $9,995.05 in attorney's fees and expenses.

41.     Liberty Mutual continued to pay Haukaas's ongoing temporary total disability payments, and Haukaas paid an additional $9,319.00 in attorney's fees and expenses on these benefits.

42.     On February 7, 2019, Liberty Mutual finally entered into a settlement of Haukaas's ongoing workers' compensation claim for $228,750, which included $73,416.37 in attorney's fees and expenses.

43.     Liberty Mutual failed to conduct a reasonable investigation of the facts and the law applicable to the claim, disregarded facts and law that supported Haukaas's claim, and actively sought excuses to deny the claim in an effort to accomplish denial of workers' compensation benefits.

<u>**COUNT ONE**</u>
**(Bad Faith)**

44.     Haukaas hereby realleges all previous paragraphs and incorporates them as though fully set forth herein.

45.    Liberty Mutual has a duty to deal in good faith, fairly process a workers' compensation claim, and must have a reasonable basis if it is going to deny workers' compensation benefits.

46.    Liberty Mutual breached its duty of good faith on numerous occasions including, but not limited to, the following:

(a)    Denying benefits to Haukaas without a reasonable basis;

(b)    Hiring a doctor to conduct an IME knowing or having the ability to know that the doctor was biased in favor of insurance companies; and

(c)    Denying workers' compensation benefits to Haukaas when her claim was not fairly debatable and Liberty Mutual knew or should have known that her claim was not fairly debatable.

47.    Upon information and belief, Liberty Mutual's conduct is part of a pattern of conduct of using biased IME doctors like Dr. Nipper to provide biased reports as a basis to deny legitimate claims and reduce claim costs.

48.    Liberty Mutual has shown a reckless disregard of Haukaas's interests and acted with fraud, malice, or oppression, making punitive damages appropriate.

49.    As a proximate result of Liberty Mutual's misconduct, Haukaas has been harmed, including but not limited to the following:  delay in payment of her medical expenses; delay and obstruction in her medical care; increase in her disability because of delayed medical care; denial of her temporary total disability benefits for a year and a half; increased physical pain; pecuniary loss, along with associated emotional upset, aggravation, annoyance, and embarrassment; and attorney fees and expenses that should have been unnecessary.

WHEREFORE, Plaintiff Tonya Haukaas seeks the following relief:

(1)   Compensatory damages, including attorney's fees in obtaining her workers' compensation benefits, in an amount to be determined at trial;

(2)   Punitive damages in an amount to be determined at trial;

(3)   Attorney's fees as allowed under SDCL 58-12-3;

(4)   Pre-judgment interest as allowed by law; and

(5)   Other relief as deemed appropriate and necessary by either the Court or the jury.

Dated this 3rd day of April, 2020.

**JOHNSON, JANKLOW,**
**ABDALLAH & REITER, L.L.P.**

BY _____
Scott A. Abdallah (scott@janklowabdallah.com)
Shannon R. Falon (shannon@janklowabdallah.com)
Sara E. Show (sara@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

**JULIUS & SIMPSON, L.L.P.**
Michael J. Simpson (*Mike@juliussimpson.com*)
1600 Mountain View Road, Suite 110
Rapid City, SD 57702
(605) 716-1000

*Attorneys for the Plaintiff*

**DEMAND FOR JURY TRIAL**

Plaintiff hereby respectfully demands trial by jury on all issues so triable.

_____
Scott A. Abdallah
Shannon R. Falon
Sara E. Show

8

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a)  PLAINTIFFS | DEFENDANTS |
|---|---|
| Tonya Haukaas | Liberty Mutual Insurance Company |

| **(b)**  County of Residence of First Listed Plaintiff   Meade (SD) | County of Residence of First Listed Defendant   Suffolk (MA) |
|---|---|
| *(EXCEPT IN U.S. PLAINTIFF CASES)* | *(IN U.S. PLAINTIFF CASES ONLY)* |
|  | NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |

| **(c)**  Attorneys *(Firm Name, Address, and Telephone Number)* | Attorneys *(If Known)* |
|---|---|
| Scott A. Abdallah/Shannon R. Falon/Sara E. Show, Johnson, Janklow, Abdallah & Reiter, L.L.P., P.O. Box 2348, Sioux Falls, SD 57101-2348 (605-338-4304) | Unknown |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1   U.S. Government     Plaintiff

☐ 3   Federal Question
   *(U.S. Government Not a Party)*

☐ 2   U.S. Government     Defendant

☒ 4   Diversity
   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*                                   *and One Box for Defendant)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY**          **PERSONAL INJURY** | ☐ 625 Drug Related Seizure | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane          ☐ 365 Personal Injury - | of Property 21 USC 881 | ☐ 423 Withdrawal | ☐ 376 Qui Tam (31 USC |
| ☐ 130 Miller Act | ☐ 315 Airplane Product          Product Liability | ☐ 690 Other |          28 USC 157 |          3729(a)) |
| ☐ 140 Negotiable Instrument |          Liability          ☐ 367 Health Care/ |  |  | ☐ 400 State Reapportionment |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &          Pharmaceutical |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
|          & Enforcement of Judgment |          Slander          Personal Injury |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'          Product Liability |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted |          Liability          ☐ 368 Asbestos Personal |  | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
|          Student Loans | ☐ 340 Marine          Injury Product |  |          New Drug Application | ☐ 470 Racketeer Influenced and |
|          (Excludes Veterans) | ☐ 345 Marine Product          Liability |  | ☐ 840 Trademark |          Corrupt Organizations |
| ☐ 153 Recovery of Overpayment |          Liability          **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
|          of Veteran's Benefits | ☐ 350 Motor Vehicle          ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle          ☐ 371 Truth in Lending |          Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ |
| ☐ 190 Other Contract |          Product Liability          ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) |          Exchange |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal          Property Damage |          Relations | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise |          Injury          ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
|  | ☐ 362 Personal Injury -          Product Liability | ☐ 751 Family and Medical |  | ☐ 893 Environmental Matters |
|  |          Medical Malpractice |          Leave Act |  | ☐ 895 Freedom of Information |
| **REAL PROPERTY** | **CIVIL RIGHTS**          **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** |          Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights          **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting          ☐ 463 Alien Detainee |          Income Security Act |          or Defendant) | ☐ 899 Administrative Procedure |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment          ☐ 510 Motions to Vacate |  | ☐ 871 IRS—Third Party |          Act/Review or Appeal of |
| ☐ 240 Torts to Land | ☐ 443 Housing/          Sentence |  |          26 USC 7609 |          Agency Decision |
| ☐ 245 Tort Product Liability |          Accommodations          ☐ 530 General |  |  | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -          ☐ 535 Death Penalty |  |  |          State Statutes |
|  |          Employment          **Other:** | **IMMIGRATION** |  |  |
|  | ☐ 446 Amer. w/Disabilities -          ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application |  |  |
|  |          Other          ☐ 550 Civil Rights | ☐ 465 Other Immigration |  |  |
|  | ☐ 448 Education          ☐ 555 Prison Condition |          Actions |  |  |
|  |          ☐ 560 Civil Detainee - |  |  |  |
|  |          Conditions of |  |  |  |
|  |          Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original Proceeding

☐ 2   Removed from State Court

☐ 3   Remanded from Appellate Court

☐ 4   Reinstated or Reopened

☐ 5   Transferred from Another District *(specify)*

☐ 6   Multidistrict Litigation - Transfer

☐ 8   Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Bad faith claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*      JUDGE _____      DOCKET NUMBER _____

DATE
04/03/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**   **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)**   **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)**   **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**   **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**   **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**   **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.**   **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.**   **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553  Brief Description: Unauthorized reception of cable service

**VII.**   **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**   **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.