UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TONYA HAUKAAS,<br><br>Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Defendants. | 4:20-cv-04061-KES<br><br><br>**DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY'S ANSWERS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR PRODUCTION OF DOCUMENTS** |

TO:    Plaintiff Tonya Haukaas and her attorneys Scott A. Abdallah, Shannon R. Falon, Sara E. Show, JOHNSON, JANKLOW, ABDALLAH & REITER, L.L.P, P.O. Box 2348, Sioux Falls, SD 57101-2348 and Michael J. Simpson, JULIUS & SIMPSON, L.L.P., P.O. Box 8025, Rapid City, SD 57709.

COMES NOW Defendant First Liberty Insurance Corporation, incorrectly identified as Liberty Mutual Insurance Company ("First Liberty"), by and through its attorneys of record, hereby submits Defendant's Answers and Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

First Liberty is continuing its investigation and reserves the right to rely on any facts, documents, or other evidence that they may develop or that may come to their attention at a later time. First Liberty's answers and responses to these Interrogatories and Requests are based upon information known at this time and such answers and responses are set forth without prejudice to First Liberty's right to supplement its answers or responses or assert additional objections should it discover additional information or grounds for objection. First Liberty specifically reserves the right to supplement or amend these answers and requests at any time before trial.

EXHIBIT
1

## **OBJECTIONS COMMON TO ALL DISCOVERY REQUESTS**

First Liberty objects to each Interrogatory and Request on the following grounds, in addition to the grounds, if any, set forth in the answers and responses to each individual Interrogatory and Request for Production:

1.    First Liberty objects to each and every Interrogatory and Request to the extent that it seeks information protected from discovery by the attorney-client privilege, work-product doctrine, and/or any other applicable privilege. If applicable, a privilege log shall be provided.

2.    First Liberty objects to the Definitions provided with Plaintiff's Interrogatories and Requests for Production of Documents to the extent that these Definitions purport to impose any obligations beyond those required under the Federal Rules of Civil Procedure.

3.    First Liberty objects to each Interrogatory and Request to the extent it calls for information or the production of documents without any limitations to relevant and reasonable time periods.

4.    First Liberty objects to each Interrogatory and Request to the extent it seeks information that would be negligible or have no relevance to the issues alleged in this action, and to the extent that it is not proportional to the needs of the case.

5.    First Liberty objects to each Interrogatory and Request to the extent such Interrogatory or Request is so broad, vague, ambiguous, or uncertain that First Liberty cannot determine the precise nature of the document or information sought and, therefore, cannot respond without an unreasonable risk of inadvertently providing a misleading, confusing, inaccurate or incomplete response.

6.    First Liberty objects to each Interrogatory or Request to the extent it is overly broad and unduly burdensome.

7.     First Liberty objects to each Interrogatory and Request to the extent that it is unreasonably cumulative or duplicative, or to the extent the information or documents are obtainable from some other source that is more convenient, less burdensome or less expensive.

8.     First Liberty objects to each Interrogatory and Request to the extent that the burden or expense of the proposed discovery outweighs its likely benefit.

9.     First Liberty objects to each Interrogatory and Request to the extent that it seeks the production of information or documents that are not within the possession, custody or control of First Liberty.

10.     First Liberty objects to all Interrogatories and Requests that are inconsistent with or impose an obligation beyond that required by the Federal Rules of Civil Procedure.

Without waiving the above objections, and incorporating them by reference herein, First Liberty answers and responds as follows:

**INTERROGATORIES**

1.     Identify each person providing or furnishing any of the information you used in preparing answers to these interrogatories and state the answers that person assisted in answering.

**ANSWER TO INTERROGATORY NO. 1:** First Liberty objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine.  Subject to this and the foregoing Common Objections, First Liberty states that these are the corporate responses of First Liberty prepared by counsel in consultation with First Liberty. Magdalena Hodgdon is the corporate representative who has reviewed these Answers and has signed the verification accompanying these Answers. These Answers are based on information gathered from review of the claim file and other material produced herein.  All persons providing the information contained in those documents can be ascertained by reviewing those records.

3

2.     Identify each person by name, address, and phone number who you believe may have knowledge or information relating to the claims and defenses made in this matter who are known to you and describe in detail the information you believe each person possesses.

**ANSWER TO INTERROGATORY NO. 2:**  First Liberty objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege and/or work-product doctrine.  Subject to this and the foregoing Common Objections, First Liberty states that the persons previously identified in their initial disclosures may have knowledge or information relating to the claims and defenses made in this matter:

1) **Cheryl Kennedy**, Team Manager, 175 Berkeley Street, Boston, MA 02116:  Ms. Kennedy supervised claim specialist Maureen Brownson (deceased) and has knowledge of Plaintiff's claim, injuries, treatment, and Liberty's Policy.  She may be contacted through Defendant's counsel.

2) **Dr. William Arban,** Sturgis Regional Hospital, Sturgis, SD: knowledgeable of Plaintiff's injuries and treatment.

3) **Dr. Lawlor,** The Rehab Doctors, Rapid City SD: knowledgeable of Plaintiff's injuries and treatment.

4) **Dr. Constance Stork,** Massa Berry Regional Medical Clinic, Sturgis, SD: knowledgeable of Plaintiff's injuries and treatment.

5) **Kimberly Greenlee, PT,** Spearfish Regional Hospital, Spearfish, SD: knowledgeable of Plaintiff's injuries and treatment.

6) **Tara Carlson, PA-C,** Regional Health Physicians, Sturgis, SD: knowledgeable of Plaintiff's injuries and treatment.

7) **Cathy Sulentic-Morcom, M.P.T.,** Black Hills Physical Therapy, Inc., Spearfish, SD: knowledgeable of Plaintiff's injuries and treatment.

8) **Dr. Jeffrey Nipper**, Exam Works, Minneapolis, MN: knowledgeable of Plaintiff's injuries.

9) **Laura Bialas,** OHARA, LLC, Sioux Falls, SD: knowledgeable of Plaintiff's injuries and treatment.

10) **Tessa Brockel,** Executive Director, Aspen Grove Assisted Living, Sturgis, S: knowledgeable of Plaintiff's claim and weekly earnings.

4

11) **Erika Opdahl,** Corporate Safety and Workers' Compensation Manager, Welcov Healthcare, Edina, MN: knowledgeable of Plaintiff's claim.

Other medical care professionals identified in Plaintiff's medical records may also have discoverable information related to Liberty's defenses as well.

In addition to Plaintiff, other person's identified in Plaintiff's initial disclosures may also have knowledge or information relating to the claims and defenses made in this matter.

3.      Identify all past and/or present personnel or representatives of your company who were involved in any way in the handling or evaluating of the workers' compensation claims that are the subject of this lawsuit, that spoke with the Plaintiff, or who possess any knowledge or information relating to the defenses raised in your Answer, stating as to each such person:

(a)     The identity of each person;
(b)     Their address and phone number;
(c)     Their job title or capacity;
(d)     Their tenure with your company;
(e)     Their present status of employment with your company;
(f)     Their present whereabouts;
(g)     The date(s) during which they handled or evaluated the claims;
(h)     The reason they handled or evaluated the claims during that particular time period;
(i)     A description of their involvement in the handling or evaluation of Plaintiff's claim;
(j)     The reason they relinquished handling of the claim, if applicable; and
(k)     The knowledge possessed by each such person with regard to Plaintiff's claims or any defenses raised in your Answer.

**ANSWER TO INTERROGATORY NO. 3:**  First Liberty objects to this Interrogatory to the extent that it contains multiple discrete subparts that should be treated separately for the purpose of the interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure.  First Liberty further objects to this Interrogatory to the extent it could be construed to include information protected by the attorney/client privilege and work-product doctrine.  First Liberty also objects because the term "involved" and "*any* knowledge" could be construed in such a manner that persons without first-hand involvement or knowledge could be included, and those

involved with the claim at times unrelated to the current dispute.  Subject to these and the foregoing

Common Objections, First Liberty states that Maureen Brownson, deceased, primarily handled the

claim from its inception until September 2016, including the time of denial.  Her title was Senior

Claims Specialist II, and at the time of her passing had worked for Liberty Mutual for more than

30 years. Cheryl Kennedy, Team Manager, managed Ms. Brownson at the time. Ms. Kennedy has

more than 20 years' experience with Liberty Mutual.

Thereafter, during the time of the underlying administrative proceeding, Christa Biga,

Senior Claims Specialist, primarily handled the claim and Mika Costello, Team Manager, managed

Ms. Biga.  Senior Tech Claims Specialist Magdalena Hodgdon has been the primary claims

handler on the file since December 2017, and Ryan Shaughnessy, Team Manager, has managed

Ms. Hodgdon.

All named individuals may be located through the company's business address, 75

Berkeley Street, Boston, MA 02116, and may be contacted through Defendant's counsel.  All have

knowledge of Plaintiff's claim, injuries, treatment, and Liberty's Policy.

4.      Was any business or person hired to adjust Plaintiff's claim? If so, provide the name
of said company or person and describe in detail the relationship between you and said company
or person.

**ANSWER TO INTERROGATORY NO. 4:**  Subject to the foregoing Common Objections, First

Liberty states no business or person was hired to independently "adjust" Plaintiff's claim, but that

Laura Bialas at OHARA, LLC, Sioux Falls, SD, was retained by First Liberty to provide managed-

care services.

5.      With regard to any of your activities on Plaintiff's workers' compensation claims
prior to the commencement of this litigation, please indicate whether you are relying, in whole or
in part, on advice of counsel to help explain, support or justify any of your actions, conduct or
handling of Plaintiff's claim.  If your answer is "yes", please identify in detail all activities where

6

you relied, in whole or in part, on advice of counsel to support or justify any of your actions, conduct or handling of Plaintiff's claim.

**ANSWER TO INTERROGATORY NO. 5:** First Liberty objects to this interrogatory as overbroad, vague and ambiguous. First Liberty also objects to this Interrogatory to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. Subject to these and the foregoing Common Objections, First Liberty states that, based on the allegations of Plaintiff's complaint, First Liberty does not anticipate relying on an advice of counsel *defense* to justify its actions, conduct, or handling of Plaintiff's claim and as such does not waive any privileges related to advice of counsel. As this Interrogatory is drafted, however, it could be construed to include First Liberty's reliance on counsel during the handling and defense of the underlying worker's compensation administrative proceeding. First Liberty reserves its right to supplement this Answer as litigation continues.

6. Identify every claim in which you or any affiliated entity has hired Jeffrey Nipper to conduct a medical examination or records review. For purposes of this Interrogatory, you may redact the name and identifying information related to the person examined. With respect to such claim, state:

        (a)     The date of the claim;
        (b)     The date on which Dr. Nipper performed the medical examination;
        (c)     Identify Dr. Nipper's report;
        (d)     Describe, in detail and not in summary fashion, Dr. Nipper's opinion following the medical examination;
        (e)     Whether the claim was denied or paid.

**ANSWER TO INTERROGATORY NO. 6:** First Liberty objects to this Interrogatory to the extent that it contains multiple discrete subparts that should be treated separately for the purpose of the interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure. First Liberty also objects to this Interrogatory as overbroad and unduly burdensome. First Liberty

7

further objects to this Interrogatory as not being proportionate with the allegations of the

Complaint. First Liberty further objects to the extent it calls for information from affiliated entities

separate and distinct from First Liberty. First Liberty also objects to this Interrogatory on the

basis of relevance. First Liberty further objects to this Interrogatory as calling for highly classified

and personal information of other insureds and/or their employees. First Liberty further objects

to this Request as not being sufficiently limited in time or scope. Subject to these and the foregoing

Common Objections, First Liberty shall not respond to this Interrogatory as drafted.

7.    For every Independent Medical Examination ("IME") report identified in response to Interrogatory No. 6:

(a)    Identify which particular entity authorized the preparation of each IME report;
(b)    Identify the name of the adjuster and defense attorney assigned to the claim in which each IME evaluation/report was authorized; and
(c)    Identify the names of all individuals who assisted in any way in gathering the IME reports and identify their exact role in the process.

**ANSWER TO INTERROGATORY 7:** First Liberty incorporates is Answer and objections to

Interrogatory 6 as if stated herein.

8.    Identify each witness you expect to call as an expert witness at trial. Please state the following:

(a)    The name, address, occupation and qualifications of the expert witness;
(b)    The subject matter in which the expert is expected to testify;
(c)    The substance of the facts and opinions to which the expert is expected to testify;
(d)    A summary of the grounds for such opinion;
(e)    A bibliography of all medical literature, treatises, papers or other publications in support of the expert's opinion; and
(f)    On what other cases such expert has testified.

**ANSWER TO INTERROGATORY 8:** First Liberty objects to this Interrogatory to the extent

that it contains multiple discrete subparts that should be treated separately for the purpose of the

8

interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure. First Liberty further objects to this Interrogatory in that it is premature and to the extent it is inconsistent with the disclosure requirements of Federal Rule 26(a)(2).  Subject to these and the foregoing Common Objections, First Liberty states that it will identify each witness to the extent and at the time required under the Court's May 21, 2020 Scheduling Order.

9.      Do you contend that Plaintiff has made any statements or admissions against her interest? If so, then for each statement or admission please state the following:

(a)      What Plaintiff wrote or said;
(b)      To whom it was written or said;
(c)      When it was written or said, including the date and time;
(d)      Where it was written or said;
(e)      Whether and what documents or materials exist concerning the alleged admission against interest; and
(f)      The name, address and phone number of each person who read or heard it or who was present at the time.

**ANSWER TO INTERROGATORY 9:**  First Liberty objects to this Interrogatory to the extent that it contains multiple discrete subparts that should be treated separately for the purpose of the interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure.  Subject to this and the foregoing Common Objections, First Liberty states that any such statements, if they exist, would be contained in the claim file, produced concurrently herewith.  First Liberty specifically reserves its right to supplement this answer as discovery continues.

10.      When did your company first receive notice of Plaintiff's claim for workers' compensation benefits?  Include within your answer the full name, address, telephone number and job title or capacity of your company's representative who received this notice.

**ANSWER TO INTERROGATORY NO. 10:** First Liberty objects to this request in that the term "claim for workers' compensation benefits" is vague and ambiguous under the circumstances of this case because she did not immediately seek workers' compensation benefits after first reporting

her injury to her employer.  Subject to this and the foregoing Common Objections, First Liberty states that it received notification of Plaintiff's injury on or about February 20, 2015, through the submission of a First Report of Injury form, and the claim was thereafter assigned to Maureen Brownson (now deceased) for handling.

11.     Was any writing or other form of record made that confirms the receipt of such notice by a representative of your company?  If so for each writing, state:

     (a)     The date it was prepared;
     (b)     The reason for its preparation;
     (c)     The full name, address, telephone number and job title or capacity at the time of the preparation of the person who prepared it;
     (d)     Its substance.

**ANSWER TO INTERROGATORY NO. 11:**   First Liberty incorporates its objections to Interrogatory 10 herein, and subject to those objections states that writings exist to confirm the receipt of such notice, including but not limited to (1) the First Report of Injury form (LM001320-LM001321), and corresponding claim notes (LM001136-LM001308).   First Liberty further objects to this Interrogatory to the extent that it contains multiple discrete subparts that should be treated separately for the purpose of the interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure.   Pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining any further answers to this Interrogatory will be substantially the same for either party, and therefore First Liberty states that Plaintiff may examine the claim file to determine the substance of the documents, who prepared them, and why they were prepared.

12.     Describe, in detail and not in summary fashion, the exact claims handling procedure used by your company in processing Plaintiff's workers' compensation claim, including in this answer the full name, address, telephone number, and job title or capacity of each employee or representative of your company, or outside parties or persons, involved in the claims handling process and state whether any of said persons opined as to the damages suffered by the Plaintiff, their opinion and specifically identify as to each person each document that was relied upon in making said evaluation.

10

**ANSWER TO INTERROGATORY NO. 12:** First Liberty objects to this Interrogatory to the extent that it vague and ambiguous in that it first requests First Liberty's claims-handling "procedure," but then asks for the identity of claims handlers and whether they "opined" on damages, giving the appearance that the Interrogatory seeks multiple responses that should be treated separately for the purpose of the interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure. First Liberty also objects to this Interrogatory to the extent Plaintiff's claim is ongoing, and the current claims handling is irrelevant to the allegations of Plaintiff's Complaint. Subject to these and the foregoing Common Objections, the persons identified in First Liberty's Answer to Interrogatory No. 3 were involved in the claims handling. To the extent they "opined as to the damages," pursuant to Federal Rule of Civil Procedure 33(d) such opinions can be derived or ascertained from review of the claim file, produced concurrently herewith.

13.    Up until the commencement of litigation in this pending case, state the reserves that were set by your company in response to Plaintiff's claim for benefits under the policy, when the reserves were set, and the names and employment position of the person(s) involved in the setting of the reserve amount.

**ANSWER TO INTERROGATORY NO. 13:** First Liberty objects to this Interrogatory to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty also objects to this Interrogatory because it is unclear about what timeframe Plaintiff is inquiring, and reserves for the claim changed over time. Subject to these and the foregoing Common Objections., First Liberty states reserves—as well as who set them—are identified in the claim file and, pursuant to Federal Rule of Civil Procedure 33(d), can be derived or ascertained from its review.

11

14. Identify any investigation conducted by you before the denial of Plaintiff's workers' compensation benefits? If so, for each investigation, state:

    (a) The dates made;

    (b) The full name, address, telephone number and job title or capacity of the person or persons who authorized it;

    (c) The name, address, telephone number and job title or capacity of each investigator;

    (d) Each step you took to investigate Plaintiff's claim;

    (e) Whether the investigation is reflected in any document, identifying each document;

    (f) A description, in detail and not in summary fashion, of the facts and circumstances obtained by you in said investigation; and

    (g) Why the investigation was undertaken.

**ANSWER TO INTERROGATORY NO. 14:** Subject to the foregoing Common Objections, the investigation of the claim is documented in the claim file, produced concurrently herewith. Pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining any further answers to this Interrogatory will be substantially the same for either party, and therefore First Liberty states that Plaintiff may examine the claim file to ascertain the answers sought in this Interrogatory.

15. Describe, in detail and not in summary fashion, each and every document relied upon by your company in denying Plaintiff's claim for workers' compensation benefits. For each such document, state the full name, address, telephone number, and occupation of the custodian of such record or document.

**ANSWER TO INTERROGATORY NO. 15:** Subject to the foregoing Common Objections, the basis of the denial and the documents relied upon therefore are identified in the claim file, produced concurrently herewith. Pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining any further answers to this Interrogatory will be substantially the same for either party, and therefore First Liberty states that Plaintiff may examine the claim file to ascertain the answers sought through this Interrogatory.

16.    Identify each and every fact upon which you based your denial of Plaintiff's workers' compensation benefits.

(a)    The dates of denial;
(b)    The full name, address, telephone number and job title or capacity of the person or persons who authorized it;
(c)    The name, address, telephone number and job title or capacity of each person making or assisting with making a decision to deny benefits;
(d)    Whether the denial is reflected in any document, identifying each document;
(e)    A description, in detail and not in summary fashion, of the facts and circumstances upon which you based the denial of Plaintiff's workers' compensation benefits; and
(f)    Why you denied Plaintiff's workers' compensation benefits.

**ANSWER TO INTERROGATORY NO. 16:**  First Liberty objects to this Interrogatory to the extent that it contains multiple discrete subparts that should be treated separately for the purpose of the interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure.  Subject to this objection, *see* Answer and Objections to Interrogatory No. 15.

17.    Did you retain any experts besides Dr. Nipper to review the Plaintiff's claims or materials provided by the Plaintiff.  If so, provide their name, address and phone number, the date on which they were contacted, state what opinions they provided and identify any document provided to such expert by you, identify any document authored by such expert(s), and identify any other cases in which you have utilized such expert(s) services.

**ANSWER TO INTERROGATORY NO. 17:**  First Liberty objects to this Interrogatory to the extent it may seek information protected by the attorney/client privilege and/or work-product doctrine.  First Liberty also objects to the Interrogatory to the extent the term "expert" is not defined, and therefore is vague and ambiguous as drafted.  Subject to these and the foregoing Common Objections, First Liberty *retained* no other medical experts to review Plaintiff's claims or medical records prior to denial, but relied on the medical records provided by Plaintiff and the medical care and treatment described therein.

13

18.    Describe, in detail and not in summary fashion, each and every communication between the Plaintiff and any representative of your company relating to Plaintiff's claim for benefits.  For each such communication, please state the following:

    (a)    The date of the communication;
    (b)    What Plaintiffs said;
    (c)    What your representative said;
    (d)    Whether and what documents or materials exist concerning the communication;
    (e)    The name, address and phone number of each person who read or heard the communication or was present at the time of the communication;
    (f)    The name, address and phone number of each person who read or had access to the documents or materials that exist concerning the communication.

**ANSWER TO INTERROGATORY NO. 18:**  First Liberty objects to this Interrogatory to the extent that it contains multiple discrete subparts that should be treated separately for the purpose of the interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure. Subject to this and the foregoing Common Objections, all responsive, non-privileged communications are being produced in response to Request for Production No. 11. Pursuant to Federal Rule of Civil Procedure 33(d), the burden of deriving or ascertaining any further answers to this Interrogatory will be substantially the same for either party, and therefore First Liberty states that Plaintiff may examine the claim file to ascertain the answers sought through this Interrogatory.

19.    If Plaintiff's claims for benefits or any portion of said claims were submitted to a claims committee, review board, firm, company or similar entity for evaluation, state:

    (a)    The date the claims or any portion of the claims was submitted;
    (b)    The identity of each person who constituted the committee, including the person's name, title or position, address, phone number and present whereabouts;
    (c)    The manner in which the claims or any portion of the claims were presented;
    (d)    The identity of each document relating to the submission of the claims; and

(e)     The identify to the present custodian of each document identified in your answer to subsection (d), including the person's name, title or position, address, phone number and present whereabouts.

**ANSWER TO INTERROGATORY NO. 19:**  First Liberty objects to this Interrogatory to the extent that it contains multiple discrete subparts that should be treated separately for the purpose of the interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure.  First Liberty further objects to this Interrogatory to the extent it is vague and ambiguous.  First Liberty also objects to this Interrogatory to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence.  Subject to these and the foregoing Common Objections, First Liberty states that the Plaintiff's claim for benefits was periodically reviewed by management.  Details of said reviews can be located in First Liberty's claim notes.  (LM001136-LM001308).

20.     Did you, at the time of the determination to deny Plaintiff's workers' compensation benefits, have guidelines and procedures established in any document, including but not limited to a pamphlet, checklist, regulation or manual which identified steps or procedures which your claims department manager, supervisors, representative, adjust or claims personnel were to follow in the formulation, review and processing of any insurance benefit claims, including claims for workers' compensation benefits?

**ANSWER TO INTERROGATORY NO. 20:**  First Liberty objects to this Interrogatory to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty also objects to this Interrogatory because it is vague, overbroad and unduly burdensome, and that the burden of responding to this Interrogatory far outweighs any potential benefit Plaintiff may receive. First Liberty objects to the extent it seeks sensitive, confidential and proprietary information and to the extent it seeks to harass, cause unfair prejudice, confuse the issues and waste

time. Subject to these and the foregoing Common Objections, First Liberty states that it follows

the guidelines and claims handling procedures required under the South Dakota Civil Code.

21.    Have you, or your attorneys, agents or insurance company had any surveillance done or made of the Plaintiff?  If so, identify:

> (a)    Who made the surveillance;
> (b)    The dates of the surveillance;
> (c)    The places at which the Plaintiff was observed; and
> (d)    Whether, in making it, any person was interviewed or examined, and if so, identify each such person.

**ANSWER TO INTERROGATORY NO. 21:**  First Liberty objects to this Interrogatory to the

extent that it contains multiple discrete subparts that should be treated separately for the purpose

of the interrogatory limit as stated in Rule 33(a)(1) of the Federal Rules of Civil Procedure.  First

Liberty further objects to this Interrogatory to the extent it seeks information that would be

negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to

lead to the discovery of admissible evidence.  Subject to these and the foregoing Common

Objections, First Liberty is unaware of any surveillance done or made of the Plaintiff.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Produce any and all documents identified in your answers to the above interrogatories or reviewed or relied upon in answering the above interrogatories.

**RESPONSE:** First Liberty objects to this Request to the extent it is overbroad and unduly

burdensome. First Liberty further objects to this Request to the extent that it seeks information

protected by the attorney-client privilege and work product doctrine and to the extent this Request

may call for confidential and proprietary information. Subject to these and the foregoing Common

Objections, First Liberty has produced or will produce any non-privileged, responsive documents

after at a mutually agreeable time and place.

2.      Produce any and all documents, including electronic mail, regarding any matter set forth in Plaintiff's Complaint and/or your Answer to the Complaint.

**RESPONSE:** First Liberty objects to this Request to the extent, as drafted, is overbroad and unduly burdensome and is not proportional to the needs of the case. Specifically, First Liberty objects to this Request to the extent that "documents . . . regarding any matter set forth in Plaintiff's Complaint and/or your Answer to the Complaint" could, if read broadly, be perceived as calling for pre- and post-litigation documents protected by the attorney-client privilege and work product doctrine, and documents that are not relevant to the allegations raised in Plaintiff's Complaint and are not likely to lead to admissible evidence. First Liberty has already provided documents responsive to this Request with its initial disclosures (LM000001-LM001135), and will produce additional responsive documents in response to these Requests at a mutually agreeable time and place.

3.      Produce duplicate copies of any photographs, videotapes, motion pictures or other visual representations, of any other matters pertaining to the issues in this lawsuit.

**RESPONSE:** First Liberty objects to this Request to the extent, as drafted, is overbroad and unduly burdensome. First Liberty objects to this Request to the extent that it seeks documents protected by the work product doctrine. First Liberty has already provided documents responsive to this Request with its initial disclosures (LM001135), and will produce additional responsive documents in response to these Requests at a mutually agreeable time and place.

4.      Produce a complete copy of the resume and curriculum vitae of any expert retained or consulted regarding the subject matter of this lawsuit.

**RESPONSE:** First Liberty objects to this Request to the extent it could be construed as calling for information protected by the attorney/client privilege and/or work-product doctrine.  First Liberty also objects to this Request because it seeks disclosure of First Liberty's experts prematurely under Fed. R. Civ. P. 26(a)(2)(B). First Liberty states that due to these and the

17

foregoing Common Objections, it shall not respond to this Request at this time and shall respond to the extent and at the time required under the Court's May 21, 2020 Scheduling Order.

5.      With respect to any expert retained by you, produce a complete copy of all material prepared by such expert, and each and every document, report, chart, graph, object, summary, compilation of data, or other thing relied upon by any of your experts, in whole or in part, in the formulation of the expert's opinions and conclusions in this case.

**RESPONSE:** First Liberty objects to this Request to the extent it could be construed as calling for information protected by the attorney/client privilege and/or work-product doctrine.  First Liberty also objects to this Request to the extent it could be construed to include documents produced by the attorney-client privilege and work product doctrine. First Liberty further objects to this Request to the extent it calls for material beyond the scope of Rule 26 of the Federal Rules of Civil Procedure and the Court's Scheduling Order. Subject to these and the foregoing Common Objections, Liberty states that it shall disclose its expert(s) at the time provided in the Court's May 21, 2020 Scheduling Order.

6.      Produce copies of each exhibit you may or will offer at the deposition of any witness in this case or at the trial of this case.

**RESPONSE:** First Liberty objects to this Request because it seeks the disclosure of exhibits prematurely under Fed. R. Civ. P. 26(a)(3)(B). Subject to and without waiving any objection, First Liberty has not yet determined which materials will be used at trial. Exhibits and other evidence that may be introduced at trial include any document or tangible thing identified or disclosed by any party during discovery.

7.      Produce copies of any and all written and recorded statements obtained by you in any form, from any person, regarding any of the events or happenings detailed in Plaintiff's Complaint and/or your Answer.

18

**RESPONSE:** First Liberty objects to this Request to the extent "statements" is not defined. First Liberty further objects to this Request to the extent it seeks information protected by the work-product doctrine. Subject to these and the foregoing Common Objections, see LM003189 produced concurrently herewith.

8.      Produce copies of any written or electronic documents pertaining to the respective workloads and responsibilities of each of the persons who in any manner participated in the handling and evaluation of the Plaintiff's workers' compensation claims. Said request should include requests for additional staff or assistance by any of said persons.

**RESPONSE:** First Liberty objects to this Request to the extent that it is overbroad and unduly burdensome, and that the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty further objects to this Request to the extent that it is vague and ambiguous with respect to the term "workloads" and to the extent that it seeks information that is not within First Liberty's possession, custody or control. First Liberty also objects to this Request to the extent it seeks information that would be negligible or have no relevance to the issues alleged in this action, and to the extent that it is not proportional to the needs of the case. First Liberty further objects to this request to the extent it seeks confidential and proprietary information. Subject to and without waiving any objection, First Liberty shall not produce any documents in response to this Request as drafted.

9.      Produce a complete copy of your entire claims file relative to the Plaintiff's claim for workers' compensation benefits up to the moment that litigation was commenced in this pending case.

**RESPONSE:** First Liberty objects to this Request to the extent that it is overbroad and unduly burdensome, and that the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty further objects to the extent that this Request, as drafted, could, if read broadly, be perceived as calling for pre- and post-litigation documents protected by the attorney-client privilege and work product doctrine, including such documents from the underlying

19

administrative proceeding. Subject to and without waiving any objection, First Liberty shall produce those non-privileged, responsive portions of the claims file at a mutually convenient time and place.

10.    Produce a copy of any and all communications between you and any expert or physician relating to Plaintiff's claim for workers' compensation benefits.

**RESPONSE:** First Liberty objects to this Request to the extent that is seeks information protected by the attorney-client privilege and work-product doctrine. First Liberty also objects to this Request to the extent it calls for material beyond the scope of Rule 26 of the Federal Rules of Civil Procedure. First Liberty further objects to this Request as overbroad and unduly burdensome. Subject to these and the foregoing Common Objections, First Liberty has already produced documents responsive to this Request with its initial disclosures (LM000769-LM000777). First Liberty shall, if necessary, supplement this response as litigation continues.

11.    Produce a copy of any documents relating to any communication between you or your representatives and the Plaintiff or her representatives.

**RESPONSE:** First Liberty objects to this Request to the extent that it is overbroad and unduly burdensome, and that the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty further objects to the extent that this Request is unreasonably cumulative or duplicative and seeks documents that are equally available to Plaintiff. Subject to and without waiving any objection, First Liberty shall produce those non-privileged, responsive documents at a mutually convenient time and place.

12.    Produce a copy of any and all communications relating to Plaintiff's claim for workers' compensation benefits.

**RESPONSE:** First Liberty objects to this Request to the extent that it is overbroad and unduly burdensome, and that the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty further objects to the extent that this Request, as drafted, could,

20

if read broadly, be perceived as calling for pre- and post-litigation documents protected by the attorney-client privilege and work product doctrine. First Liberty also objects to the extent that this Request is unreasonably cumulative or duplicative. Subject to and without waiving any objection, First Liberty shall produce those non-privileged, responsive documents at a mutually convenient time and place.

13.    Provide copies of any employment evaluations for the individuals that reviewed or in any way participated in the handling of Plaintiff's claims, any employment contracts with said person(s), all documents related to compensation plans of said persons, any incentive plans offered to such persons and copies of such persons' employment files.

**RESPONSE:** First Liberty objects to this Request to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty also objects to this Request to the extent it is vague and overbroad and the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty further objects to this Request to the extent it calls for sensitive, confidential information of personnel and First Liberty's proprietary information, and to the extent this Request seeks to harass, cause unfair prejudice, confuse the issues and waste time. First Liberty also objects to this Request because it does not request information related to any time period related to this dispute. Subject to and without waiving any objection, First Liberty states that there are no incentive plans based on the handling of any individual claims and First Liberty shall not produce any documents in response to this Request as drafted.

14.    If you utilize claims tracking software, please identify the same and generate and provide a copy of any reports or records pertaining to the Plaintiff's claims.

**REQUEST:** First Liberty objects to this Request to the extent that is seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty also objects to this request

21

as vague and ambiguous with respect to the term "claims tracking software." First Liberty further objects to this Request because it is overbroad and unduly burdensome, and that the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty objects to the extent it seeks sensitive, confidential and proprietary information and to the extent it seeks to harass, cause unfair prejudice, confuse the issues and waste time. Subject to and without waiving any objection, First Liberty states that all non-privileged "reports or records pertaining to the Plaintiff's claims" are included in the claim file (LM001136-LM003194).

15.    Produce copies of any and all policies or guidelines existing at the time the Plaintiff's claims were submitted to your company dealing directly or indirectly with claims handling procedures, specifically including but not limited to, the proper amount of time for claims handling, the process for evaluating claims, the scope and nature of investigation pertaining to claims handling and the utilization of medical examinations.

**REQUEST:**    First Liberty objects to this Request to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty also objects to this Request because it is vague, overbroad and unduly burdensome, and that the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty objects to the extent it seeks sensitive, confidential and proprietary information and to the extent it seeks to harass, cause unfair prejudice, confuse the issues and waste time. Subject to and without waiving any objection, First Liberty shall not produce any documents in response to this Request as drafted.

16.    Produce all recordings of representatives of the Julius & Simpson, LLP law firm or its predecessor(s) related to Plaintiff.

**RESPONSE:** First Liberty objects to this Request to the extent it is so broad, vague, ambiguous, or uncertain that First Liberty cannot determine the precise nature of the document or information sought and, therefore, cannot respond without an unreasonable risk of inadvertently providing a misleading, confusing, inaccurate or incomplete response.   Subject to this and the foregoing

Common Objections, First Liberty is unaware of any recordings made of representatives of the

Julius & Simpson, LLP law firm or its predecessor(s) related to Plaintiff.

17.    Produce copies of the paychecks and paystubs from November 2012 for all employees investigating, discussing, or making any decision on Plaintiff's claim for workers' compensation benefits, as well as a copy of their 2015 W-2s (for purposes of this request, you may redact Social Security numbers).

**RESPONSE:** First Liberty objects to this Request to the extent it seeks information that would be

negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to

lead to the discovery of admissible evidence. First Liberty also objects to this Request to the extent

it is overbroad and the burden of responding to this Request far outweighs any potential benefit

Plaintiff may receive. First Liberty further objects to this Request to the extent it calls for sensitive,

confidential information of personnel, and to the extent this Request seeks to harass, cause unfair

prejudice, confuse the issues and waste time. First Liberty also objects to this Request because it

does not request information related to any time period relevant to this dispute. Subject to and

without waiving any objection, First Liberty shall not produce any documents in response to this

Request as drafted.

18.    Produce all "Independent Medical Exam (IME)" and Record Review reports obtained by you or any affiliated entity relating to Dr. Jeffrey Nipper.  For purposes of this Request for Production, you may redact the name and identifying information related to the person examined.

**RESPONSE:** First Liberty objects to this Request to the extent it seeks information that would be

negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to

lead to the discovery of admissible evidence. First Liberty also objects to this Request because it

is overbroad and unduly burdensome and is not sufficiently limited to a time period relevant to

this dispute or any specific line of coverage. First Liberty further objects to this Request to the

extent it requests sensitive, confidential and proprietary information, and to the extent this Request

23

seeks to harass, cause unfair prejudice, confuse the issues and waste time. Subject to these and the foregoing Common Objections, First Liberty shall not respond to this Request as drafted.

19.    Produce all human resources manuals, salary administration manuals, personnel bulletins or manuals, orientation booklets, directives, memos or other documents used during the previous ten (10) years to inform claims' personnel of the manner in which they can expect to receive salary increases, bonuses or other commissions.

**RESPONSE:** First Liberty objects to this Request to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty also objects to this Request because it is overbroad and unduly burdensome and is not sufficiently limited to a time period relevant to this dispute or any specific line of coverage. First Liberty further objects to this Request to the extent it requests sensitive, confidential and proprietary information, and to the extent this Request seeks to harass, cause unfair prejudice, confuse the issues, and waste time. Subject to these and the foregoing Common Objections, First Liberty shall not respond to this Request as drafted.

20.    Produce all documents relating to performance goals and how they relate to employees' or managers' bonuses for the past ten (10) years.

**RESPONSE:** First Liberty objects to this Request to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty also objects to this Request to the extent that it is vague and overbroad and the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty further objects to this Request to the extent this Request seeks sensitive, confidential and proprietary information, and to the extent it seeks to harass, cause unfair prejudice, confuse the issues, and waste time.  First Liberty objects to this Request because it is not sufficiently limited to a time period relevant to this dispute or to any

24

specific line of coverage. Subject to these and the foregoing Common Objections, First Liberty states that there are no bonus programs based on the handling of any individual claims.

21.     Produce all documents which relate to incentives given to claims' personnel in return for reducing the amount of claims' payments, reducing combined ratio, reducing claim severity and reducing claims' payouts.

**RESPONSE:** First Liberty objects to this Request to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty also objects to this Request to the extent that it is vague and overbroad and the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty further objects to this Request to the extent this Request seeks sensitive, confidential and proprietary information, and to the extent it seeks to harass, cause unfair prejudice, confuse the issues, and waste time. First Liberty objects to this Request because it is not sufficiently limited to a time period relevant to this dispute or to any specific line of coverage. Subject to these and the foregoing Common Objections, First Liberty states that there are no incentives given to claims' personnel in return for reducing the amount of claims' payments, reducing combined ratio, reducing claim severity and reducing claims' payouts.

22.     Produce all documents relating to efforts or goals to decrease loss ratios, or decrease claim severity costs, over the past ten (10) years.

**RESPONSE:** First Liberty objects to this Request to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty also objects to this Request to the extent it is vague with respect to the phrase "claim severity costs" and the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty further objects to this Request in that it is overbroad and not sufficiently limited to a time period relevant to this dispute or any specific line of coverage. First Liberty objects to this Request to the extent it requests

25

sensitive, confidential and proprietary information, and to the extent this Request seeks to harass, cause unfair prejudice, confuse the issues and waste time. Subject to these and the foregoing Common Objections, First Liberty has made no efforts or and have had no goals to decrease loss ratios, or decrease claim severity costs, over the past ten (10) years.

23.    Produce all contracts, subscriber agreements, appointments of Attorney in Fact, Power of attorney documents, policies, declarations pages, or other documents reflecting agreements between Aspen Grove Assisted Living, which is a d/b/a of LE Holding, LLC and you, related to workers' compensation coverage, premium deposits, surplus savings accounts, or claim administration. The scope of this request is January 31, 2010 to the present.

**RESPONSE:** First Liberty objects to this Request as overbroad and unduly burdensome and not sufficiently limited to a time period relevant to this dispute. First Liberty objects to this Request to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible evidence. First Liberty further objects to this Request because the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive. First Liberty objects to this Request to the extent it seeks information that is not within Liberty's possession, custody or control.  Subject to these and the foregoing Common Objections, the non-privileged responsive documents shall be produced.  (LM000814-LM001134).

24.    Produce all standardized reports made available to you or Aspen Grove Assisted Living, which is a d/b/a of LE Holding, LLC related to workers' compensation claims, including but not limited to "loss runs."  The scope of this request is January 31, 2015, to present.

**RESPONSE:** First Liberty objects to this Request as overbroad and unduly burdensome and not sufficiently limited to a time period relevant to this dispute.  First Liberty further objects to this Request as vague as the term "standardized reports" is not defined. First Liberty also objects to this Request to the extent it seeks information that would be negligible or have no relevance to the issues raised in this action, nor is reasonably calculated to lead to the discovery of admissible

26

evidence. First Liberty further objects to this Request because the burden of responding to this Request far outweighs any potential benefit Plaintiff may receive.  Subject to these and the foregoing Common Objections, First Liberty shall not respond to this Request as drafted.

25.    If you claim that any requested document is privileged by work product, or otherwise, please prepare a "Vaughn Index" which must list for each separate document:

       (a)    The date, author, and his or her capacity;
       (b)    The recipient(s) (including copy recipient(s)) and their capacities;
       (c)    The subject matter of the document;
       (d)    The purpose of its production; and
       (e)    A detailed specific explanation of why the document is privileged or immune from discovery.

**RESPONSE:**  Subject to the foregoing Common Objections, First Liberty shall provide a privilege log as required by the Federal Rules of Civil Procedure.

Dated: July 24, 2020           By: /s/ Daniel W. Berglund
                         Daniel W. Berglund (*Admitted Pro Hac Vice*)
                         GROTEFELD, HOFFMANN, GORDON, OCHOA & EVINGER, LLP
                         150 South Fifth Street, Suite 3650
                         Minneapolis, MN 55402
                         Telephone: (612) 564-4885
                         Fax: (312) 601-2402
                         dberglund@ghlaw-llp.com

                            and

                         Jack H. Hieb
                         RICHARDSON, WYLY, WISE, SAUCK & HIEB
                         1 Court Street
                         P.O. Box 1030
                         Aberdeen, SD 57402
                         Telephone: 605 225-6310
                         Fax: 605 225-2743
                         jhieb@rwwsh.com

                         ATTORNEYS FOR DEFENANT FIRST LIBERTY INSURANCE CORPORATION

27

## VERIFICATION OF INTERROGATORIES

I, Magdalena Hodgdon, declare and state that I am a Senior Tech Claims Specialist for First Liberty Insurance Corporation and that I have reviewed the foregoing Answers to Plaintiff's Interrogatories.  I further state that I do not have personal knowledge or information concerning all the information set forth in the Answers, but am informed and believe that the information is true and correct and reflects the information currently available to First Liberty.  I further declare that I have relied upon information provided by authorized employees or representatives of First Liberty Insurance Corporation, and am informed the facts as stated herein are true and that I rely on counsel for the objections set forth herein.

DATED this _23_ day of __July___, 2020.

FIRST LIBERTY INSURANCE CORPORATION

By___*Magdalena Hodgdon*_____

Its: _____ Sr TCS _____

28

## CERTIFICATE OF SERVICE

I hereby certify that on July 24, 2020, I caused the above-named document to be transmitted via E-Mail, to the following:

Scott A. Abdallah
Shannon R. Falon
Sara E. Show
JOHNSON, JANKLOW, ABDALLAH & REITER, LLP
101 South Main Avenue Suite 100 | Security National Bank Centre
P.O. Box 2348
Sioux Falls, SD 57104
Phone: 605-338-4304 | Fax: 605-338-4162
scott@janklowabdallah.com
shannon@janklowabdallah.com
sara@janklowabdallah.com

JULIUS & SIMPSON, L.L.P.
Michael J. Simpson
801 Mt. Rushmore Road, Suite 203
Rapid City, SD 57701
(605) 716-1000
mike@juliussimpson.com


Dated:  July 24, 2020.                              /s/Daniel W. Berglund
                                                    Daniel W. Berglund


#1489272

29