UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| TONYA HAUKAAS,<br><br>    Plaintiff,<br><br>vs.<br><br>LIBERTY MUTUAL INSURANCE<br>COMPANY,<br><br>    Defendants. | 4:20-cv-04061-KES<br><br><br>**PLAINTIFF'S FIRST SET OF<br>INTERROGATORIES AND REQUEST<br>FOR PRODUCTION OF DOCUMENTS<br>TO DEFENDANT LIBERTY MUTUAL<br>INSURANCE COMPANY** |

TO:    DEFENDANT LIBERTY MUTUAL INSURANCE COMPANY AND ITS
       ATTORNEYS OF RECORD

Plaintiff hereby requests answers to the following Interrogatories and Requests for Production of Documents as authorized by Fed.R.Civ.P. 33 and 34. Please be advised that your answers must include all information available not only to you but available to your agents, attorneys, insurers, or others who have information available to you upon inquiry to them.

These Interrogatories and Requests for Production shall be deemed as continuing in the event you later acquire any information. In these Interrogatories to you, the following definitions and instructions apply. **Note that when documents are identified (as defined in definition #2 below), there is an automatic demand for production made** (with an option to you to produce copies in lieu of formal inspection).

## DEFINITIONS AND INSTRUCTIONS

For purposes of this set of Interrogatories and Requests for Production, the following definitions apply:

(1)    "You" or "your" refers to Defendant Liberty Mutual Insurance Company (individually and collectively) or anyone acting at their direction.

(2)    Document means any written or graphic matter or other means of preserving thought or expression and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletype, telefax, bulletins, inter-office and intra-office telephone call slips, telephone logs, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, printed matter, computer discs and tapes, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, limited offering circulars, disclosure

**EXHIBIT 1**

statements, registration statements, financial statements, statements of net worth, schedules, affidavits, contracts, canceled checks, check stubs, statements, transcripts, statistics, and all drafts, alterations and modifications, changes, amendments of any of the foregoing, graphic or oral records of representations of any kind, regardless of whether designated "confidential" or otherwise, including, without limitation, photographs, e-mails, microfiche, microfilm, videotape, records and motion pictures and electronic, mechanical or electronic records or representations of any kind, including, without limitation, tapes, cassettes, discs and records.

(3)   Identify means, with respect to a document, to set forth the following information:

    (a)   Its nature (e.g., letter, memorandum, report, etc.);
    (b)   The date it bears or, if undated, the date it was written or created;
    (c)   The identity of the person(s) who wrote or created it;
    (d)   The identity of the person(s) who received it;
    (e)   Its file number or other identifying mark or code;
    (f)   Its general subject matter; and
    (g)   Its present or last known location and custodian.

In all cases where identification of a document is requested, in lieu of such specification, you may supply legible copies of such documents.

(4)   Identify, with respect to a natural person, means to set forth on the first occasion that such person is identified, the following information as far as known to you:

    (a)   Full name;
    (b)   Job title and employer at the time of the events complained of in the Complaint in this lawsuit;
    (c)   Present or last known residence address and telephone number;
    (d)   Present or last known job title and business address; and
    (e)   Present or last known employer.

(5)   Identify, with respect to any entity other than a natural person, means to set forth the full name or title of the entity and on the first occasion that such entity is identified to also state the address and principal business or activity of such entity.

(6)   Identify, with respect to an oral communication or other event, means to set forth the following information:

    (a)   Its general nature (e.g., telephone call, conference call, luncheon, etc.);
    (b)   The date it occurred and the time;
    (c)   The place it occurred;
    (d)   For a communication, the identity of each originator and recipient; for an event, the identity of each person present; and
    (e)   The identity of all persons present when the communication or event occurred.

(7)    Date means the exact day, month, and year, if ascertainable; if not, the closest approximation that can be made thereto.

(8)    Authority means case law, legal treatises, statutes or secondary legal sources.

(9)    The connectives and and or shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the interrogatory or request for production all responses that might otherwise be construed to be outside of its scope.

(10)    Parent Company means a company that owns enough voting stock in another firm to control management and operation by doing and influencing or electing its board of directors.

(11)    Subsidiary means any company where a parent company owns enough voting stock in to control management and operation of the company by doing and influencing or electing its board of directors.

These Interrogatories and Requests for Production of Documents shall be deemed continuing in nature. Therefore, any information that comes to your attention or any documents discovered after you have responded to these Interrogatories and Requests for Production of Documents and which refer or relate to the documents requested or the information sought shall be produced in a timely fashion.

## INTERROGATORIES

1.    Identify each person providing or furnishing any of the information you used in preparing answers to these interrogatories and state the answers that person assisted in answering.

2.    Identify each person by name, address, and phone number who you believe may have knowledge or information relating to the claims and defenses made in this matter who are known to you and describe in detail the information you believe each person possesses.

3.    Identify all past and/or present personnel or representatives of your company who were involved in any way in the handling or evaluating of the workers' compensation claims that are the subject of this lawsuit, that spoke with the Plaintiff, or who possess any knowledge or information relating to the defenses raised in your Answer, stating as to each such person:

    (a)    The identity of each person;
    (b)    Their address and phone number;
    (c)    Their job title or capacity;
    (d)    Their tenure with your company;
    (e)    Their present status of employment with your company;
    (f)    Their present whereabouts;
    (g)    The date(s) during which they handled or evaluated the claims;
    (h)    The reason they handled or evaluated the claims during that particular time period;

     (i)     A description of their involvement in the handling or evaluation of Plaintiff's claim;

     (j)     The reason they relinquished handling of the claim, if applicable; and

     (k)     The knowledge possessed by each such person with regard to Plaintiff's claims or any defenses raised in your Answer.

4.     Was any business or person hired to adjust Plaintiff's claim? If so, provide the name of said company or person and describe in detail the relationship between you and said company or person.

5.     With regard to any of your activities on Plaintiff's workers' compensation claims prior to the commencement of this litigation, please indicate whether you are relying, in whole or in part, on advice of counsel to help explain, support or justify any of your actions, conduct or handling of Plaintiff's claim. If your answer is "yes", please identify in detail all activities where you relied, in whole or in part, on advice of counsel to support or justify any of your actions, conduct or handling of Plaintiff's claim.

6.     Identify every claim in which you or any affiliated entity has hired Jeffrey Nipper to conduct a medical examination or records review. For purposes of this Interrogatory, you may redact the name and identifying information related to the person examined. With respect to such claim, state:

     (a)     The date of the claim;

     (b)     The date on which Dr. Nipper performed the medical examination;

     (c)     Identify Dr. Nipper's report;

     (d)     Describe, in detail and not in summary fashion, Dr. Nipper's opinion following the medical examination;

     (e)     Whether the claim was denied or paid.

7.     For every Independent Medical Examination ("IME") report identified in response to Interrogatory No. 6:

     (a)     Identify which particular entity authorized the preparation of each IME report;

     (b)     Identify the name of the adjuster and defense attorney assigned to the claim in which each IME evaluation/report was authorized; and

     (c)     Identify the names of all individuals who assisted in any way in gathering the IME reports and identify their exact role in the process.

8.     Identify each witness you expect to call as an expert witness at trial. Please state the following:

     (a)     The name, address, occupation and qualifications of the expert witness;

     (b)     The subject matter in which the expert is expected to testify;

     (c)     The substance of the facts and opinions to which the expert is expected to testify;

(d)    A summary of the grounds for such opinion;
(e)    A bibliography of all medical literature, treatises, papers or other publications in support of the expert's opinion; and
(f)    On what other cases such expert has testified.

9. Do you contend that Plaintiff has made any statements or admissions against her interest? If so, then for each statement or admission please state the following:

(a)    What Plaintiff wrote or said;
(b)    To whom it was written or said;
(c)    When it was written or said, including the date and time;
(d)    Where it was written or said;
(e)    Whether and what documents or materials exist concerning the alleged admission against interest; and
(f)    The name, address and phone number of each person who read or heard it or who was present at the time.

10. When did your company first receive notice of Plaintiff's claim for workers' compensation benefits? Include within your answer the full name, address, telephone number and job title or capacity of your company's representative who received this notice.

11. Was any writing or other form of record made that confirms the receipt of such notice by a representative of your company? If so for each writing, state:

(a)    The date it was prepared;
(b)    The reason for its preparation;
(c)    The full name, address, telephone number and job title or capacity at the time of the preparation of the person who prepared it;
(d)    Its substance.

12. Describe, in detail and not in summary fashion, the exact claims handling procedure used by your company in processing Plaintiff's workers' compensation claim, including in this answer the full name, address, telephone number, and job title or capacity of each employee or representative of your company, or outside parties or persons, involved in the claims handling process and state whether any of said persons opined as to the damages suffered by the Plaintiff, their opinion and specifically identify as to each person each document that was relied upon in making said evaluation.

13. Up until the commencement of litigation in this pending case, state the reserves that were set by your company in response to Plaintiff's claim for benefits under the policy, when the reserves were set, and the names and employment position of the person(s) involved in the setting of the reserve amount.

14. Identify any investigation conducted by you before the denial of Plaintiff's workers' compensation benefits? If so, for each investigation, state:

(a)    The dates made;
(b)    The full name, address, telephone number and job title or capacity of the person or persons who authorized it;
(c)    The name, address, telephone number and job title or capacity of each investigator;
(d)    Each step you took to investigate Plaintiff's claim;
(e)    Whether the investigation is reflected in any document, identifying each document;
(f)    A description, in detail and not in summary fashion, of the facts and circumstances obtained by you in said investigation; and
(g)    Why the investigation was undertaken.

15.    Describe, in detail and not in summary fashion, each and every document relied upon by your company in denying Plaintiff's claim for workers' compensation benefits. For each such document, state the full name, address, telephone number, and occupation of the custodian of such record or document.

16.    Identify each and every fact upon which you based your denial of Plaintiff's workers' compensation benefits.

(a)    The dates of denial;
(b)    The full name, address, telephone number and job title or capacity of the person or persons who authorized it;
(c)    The name, address, telephone number and job title or capacity of each person making or assisting with making a decision to deny benefits;
(d)    Whether the denial is reflected in any document, identifying each document;
(e)    A description, in detail and not in summary fashion, of the facts and circumstances upon which you based the denial of Plaintiff's workers' compensation benefits; and
(f)    Why you denied Plaintiff's workers' compensation benefits.

17.    Did you retain any experts besides Dr. Nipper to review the Plaintiff's claims or materials provided by the Plaintiff. If so, provide their name, address and phone number, the date on which they were contacted, state what opinions they provided and identify any document provided to such expert by you, identify any document authored by such expert(s), and identify any other cases in which you have utilized such expert(s) services.

18.    Describe, in detail and not in summary fashion, each and every communication between the Plaintiff and any representative of your company relating to Plaintiff's claim for benefits. For each such communication, please state the following:

(a)    The date of the communication;
(b)    What Plaintiffs said;
(c)    What your representative said;
(d)    Whether and what documents or materials exist concerning the communication;

6

(e) The name, address and phone number of each person who read or heard the communication or was present at the time of the communication;

(f) The name, address and phone number of each person who read or had access to the documents or materials that exist concerning the communication.

19. If Plaintiff's claims for benefits or any portion of said claims were submitted to a claims committee, review board, firm, company or similar entity for evaluation, state:

(a) The date the claims or any portion of the claims was submitted;

(b) The identity of each person who constituted the committee, including the person's name, title or position, address, phone number and present whereabouts;

(c) The manner in which the claims or any portion of the claims were presented;

(d) The identity of each document relating to the submission of the claims; and

(e) The identify to the present custodian of each document identified in your answer to subsection (d), including the person's name, title or position, address, phone number and present whereabouts.

20. Did you, at the time of the determination to deny Plaintiff's workers' compensation benefits, have guidelines and procedures established in any document, including but not limited to a pamphlet, checklist, regulation or manual which identified steps or procedures which your claims department manager, supervisors, representative, adjust or claims personnel were to follow in the formulation, review and processing of any insurance benefit claims, including claims for workers' compensation benefits?

21. Have you, or your attorneys, agents or insurance company had any surveillance done or made of the Plaintiff? If so, identify:

(a) Who made the surveillance;

(b) The dates of the surveillance;

(c) The places at which the Plaintiff was observed; and

(d) Whether, in making it, any person was interviewed or examined, and if so, identify each such person.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1. Produce any and all documents identified in your answers to the above interrogatories or reviewed or relied upon in answering the above interrogatories.

2. Produce any and all documents, including electronic mail, regarding any matter set forth in Plaintiff's Complaint and/or your Answer to the Complaint.

3. Produce duplicate copies of any photographs, videotapes, motion pictures or other visual representations, of any other matters pertaining to the issues in this lawsuit.

4. Produce a complete copy of the resume and curriculum vitae of any expert retained or consulted regarding the subject matter of this lawsuit.

5. With respect to any expert retained by you, produce a complete copy of all material prepared by such expert, and each and every document, report, chart, graph, object, summary, compilation of data, or other thing relied upon by any of your experts, in whole or in part, in the formulation of the expert's opinions and conclusions in this case.

6. Produce copies of each exhibit you may or will offer at the deposition of any witness in this case or at the trial of this case.

7. Produce copies of any and all written and recorded statements obtained by you in any form, from any person, regarding any of the events or happenings detailed in Plaintiff's Complaint and/or your Answer.

8. Produce copies of any written or electronic documents pertaining to the respective workloads and responsibilities of each of the persons who in any manner participated in the handling and evaluation of the Plaintiff's workers' compensation claims. Said request should include requests for additional staff or assistance by any of said persons.

9. Produce a complete copy of your entire claims file relative to the Plaintiff's claim for workers' compensation benefits up to the moment that litigation was commenced in this pending case.

10. Produce a copy of any and all communications between you and any expert or physician relating to Plaintiff's claim for workers' compensation benefits.

11. Produce a copy of any documents relating to any communication between you or your representatives and the Plaintiff or her representatives.

12. Produce a copy of any and all communications relating to Plaintiff's claim for workers' compensation benefits.

13. Provide copies of any employment evaluations for the individuals that reviewed or in any way participated in the handling of Plaintiff's claims, any employment contracts with said person(s), all documents related to compensation plans of said persons, any incentive plans offered to such persons and copies of such persons' employment files.

14. If you utilize claims tracking software, please identify the same and generate and provide a copy of any reports or records pertaining to the Plaintiff's claims.

15. Produce copies of any and all policies or guidelines existing at the time the Plaintiff's claims were submitted to your company dealing directly or indirectly with claims

handling procedures, specifically including but not limited to, the proper amount of time for claims handling, the process for evaluating claims, the scope and nature of investigation pertaining to claims handling and the utilization of medical examinations.

16.    Produce all recordings of representatives of the Julius & Simpson, LLP law firm or its predecessor(s) related to Plaintiff.

17.    Produce copies of the paychecks and paystubs from November 2012 for all employees investigating, discussing, or making any decision on Plaintiff's claim for workers' compensation benefits, as well as a copy of their 2015 W-2s (for purposes of this request, you may redact Social Security numbers):

18.    Produce all "Independent Medical Exam (IME)" and Record Review reports obtained by you or any affiliated entity relating to Dr. Jeffrey Nipper. For purposes of this Request for Production, you may redact the name and identifying information related to the person examined.

19.    Produce all human resources manuals, salary administration manuals, personnel bulletins or manuals, orientation booklets, directives, memos or other documents used during the previous ten (10) years to inform claims' personnel of the manner in which they can expect to receive salary increases, bonuses or other commissions.

20.    Produce all documents relating to performance goals and how they relate to employees' or managers' bonuses for the past ten (10) years.

21.    Produce all documents which relate to incentives given to claims' personnel in return for reducing the amount of claims' payments, reducing combined ratio, reducing claim severity and reducing claims' payouts.

22.    Produce all documents relating to efforts or goals to decrease loss ratios, or decrease claim severity costs, over the past ten (10) years.

23.    Produce all contracts, subscriber agreements, appointments of Attorney in Fact, Power of attorney documents, policies, declarations pages, or other documents reflecting agreements between Aspen Grove Assisted Living, which is a d/b/a of LE Holding, LLC and you, related to workers' compensation coverage, premium deposits, surplus savings accounts, or claim administration. The scope of this request is January 31, 2010 to the present.

24.    Produce all standardized reports made available to you or Aspen Grove Assisted Living, which is a d/b/a of LE Holding, LLC related to workers' compensation claims, including but not limited to "loss runs." The scope of this request is January 31, 2015, to present.

25.    If you claim that any requested document is privileged by work product, or otherwise, please prepare a "Vaughn Index" which must list for each separate document:

      (a)    The date, author, and his or her capacity;

(b)    The recipient(s) (including copy recipient(s)) and their capacities;
(c)    The subject matter of the document;
(d)    The purpose of its production; and
(e)    A detailed specific explanation of why the document is privileged or immune from discovery.

Dated this 18th day of June, 2020.

JOHNSON, JANKLOW,
ABDALLAH & REITER, L.L.P.

BY _____
Scott A. Abdallah (scott@janklowabdallah.com)
Shannon R. Falon (shannon@janklowabdallah.com)
Sara E. Show (sara@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

JULIUS & SIMPSON, L.L.P.
Michael J. Simpson
P.O. Box 8025
Rapid City, SD 57709
(605) 716-1000

*Attorneys for the Plaintiff*

10

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Plaintiff's First Set of Interrogatories and Request for Production of Documents to Defendant Liberty Mutual Insurance Company** was served by e-mail and first class United States mail, postage prepaid, upon the following individuals:

Attorneys for the Defendant
Jack Hieb
Richardson, Wyly, Wise, Sauck & Hieb, L.L.P.
P.O. Box 1030
Aberdeen, SD 57402-1030
*JHieb@rwwsh.com*

Daniel W. Berglund / Megan M. Rodda
Grotefeld, Hoffman, Gordon, Ochoa & Evinger
150 South 5th Street, Suite 3650
Minneapolis, MN 55402
*DBerglund@GHlaw-llp.com / MRodda@GHlaw-llp.com*

Dated this 18th day of June, 2020.

Scott A. Abdallah

11