UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| NERMIN MUHAREMOVIC, <br><br> Plaintiff, <br><br> vs. <br><br> LINCOLN NATIONAL CORPORATION d/b/a LINCOLN FINANCIAL GROUP and THE LINCOLN NATIONAL LIFE INSURANCE COMPANY, <br><br> Defendants. | 4: CIV. #20-4069_____ <br><br><br> **COMPLAINT AND DEMAND FOR JURY TRIAL** |

Plaintiff Nermin Muharemovic, by and through his counsel of record, and for his causes of action against the Defendants, does hereby state and allege as follows:

## NATURE OF THE ACTION

This is a breach of contract and bad faith action brought by Plaintiff Nermin Muharemovic ("Plaintiff") against Defendants Lincoln National Corporation d/b/a Lincoln Financial Group and the Lincoln National Life Insurance Company. Plaintiff sought long-term disability benefits under a policy of insurance purchased by his employer, the Sioux Falls School District, which have been wrongfully denied by Defendants. He also seeks to hold Defendants accountable for their bad faith handling of his claim.

## PARTIES

1.     Plaintiff Nermin Muharemovic is a citizen of the State of South Dakota and resident of Sioux Falls, Minnehaha County.

1

**EXHIBIT 16**

2. Upon information and belief, Defendant Lincoln National Corporation does business as The Lincoln Financial Group and is a corporation duly organized and existing under the laws of Indiana, with its principal place of business in Pennsylvania.

3. Upon information and belief, Defendant Lincoln National Life Insurance Company is a corporation duly organized and existing under the laws of Indiana, with its principal place of business in Indiana, which at all relevant times was duly authorized to issue insurance policies in the State of South Dakota.

4. Upon information and belief, Defendant Lincoln National Life Insurance Company is a wholly owned subsidiary of Defendant Lincoln National Corporation, and Lincoln National Corporation and Lincoln National Life Insurance Company work as a single enterprise under the title of the Lincoln Financial Group.

## JURISDICTION AND VENUE

5. Plaintiff invokes the jurisdiction of this Court pursuant to 28 U.S.C. § 1332 based upon the diversity of the parties. The amount in controversy exceeds the sum of $75,000.

6. A substantial part of the events giving rise to this action occurred in South Dakota and, thus, venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2).

## FACTS

7. Defendant Lincoln National Life Insurance provided disability coverage to Plaintiff pursuant to an insurance policy issued as Policy Number 00001011309300000 ("the Policy"). *See* Exhibit A. The Policy was fully paid, effective, and in force during the relevant dates in this matter.

8.      Plaintiff was an insured under the Policy, which provided disability coverage and benefits to the Sioux Falls School District employees.

9.      The Policy is a non-ERISA policy.

10.     On June 22, 2015, Plaintiff suffered an injury to his back resulting in a surgery and three-week hospitalization from the surgery.

11.     In October 2016, Plaintiff sought disability benefits under the terms of the Policy.

12.     In November 2016, Defendants initially accepted the claim as compensable under the terms of the policy and issued payment.

13.     On or about October 28, 2017, Plaintiff was found by the Social Security Administration to have become disabled as of June 22, 2015.

14.     On April 25, 2018, Defendants denied future disability benefits, claiming that Plaintiff's "Own Occupation" Period for his claim would end on September 20, 2018, and asserting that Plaintiff was capable of performing work in other occupations.

15.     The language of the Policy requires the Defendants to pay the benefits:

BENEFIT. The Company will pay a Total Disability Monthly Benefit to an Insured Employee, after the completion of the Elimination Period, if he or she:
    1. is Totally Disabled;
    2. becomes Disabled while insured for this benefit;
    3. is under the Regular Care of a Physician; and
    4. at his or her own expense, submits proof of continued Total Disability and Physician's care to the Company upon request.

The Total Disability Monthly Benefit will cease on the earliest of:

    1. the date the Insured Employee ceases to be Totally Disabled or dies;
    2. the date the Maximum Benefit Period ends; or
    3. the date the Insured Employee is able, but chooses not to engage in Partial Disability Employment:

3

    a. in his or her Own Occupation, during the Own Occupation Period; or

    b. in any Gainful Occupation, after the Own Occupation Period. Proportional benefits will be paid for a partial month of Total Disability.

At the Company's option, Total Disability Monthly Benefit payments may also be denied or suspended on any of the following dates:

1. the date the Insured Employee (without good cause):
   a. fails to take a required medical exam;
   b. fails to cooperate with the examiner; or
   c. postpones a required exam more than twice;
2. the 45th day after the Company mails a request for additional proof, if not given;
3. the 45th day after the Company mails a request for proof of the Insured Employee's application for any Other Income Benefits to which he or she may be entitled, if not given; or
4. the date the Insured Employee (without good cause) refuses to participate in good faith in a vocational rehabilitation program approved by the Company; if this Policy includes a Mandatory Vocational Rehabilitation Benefit provision.

Exhibit A at 22.

16. Plaintiff submitted sufficient information to Defendants to initially obtain benefits under the Policy.

17. Defendants had access to medical records and an educational background form, among other items.

18. In March 2018, Defendants sought a peer review from Dr. Richard Tyler, an Orthopedic Consultant licensed in Georgia.

19. Dr. Tyler found that the limitations recommended by Dr. Meyer for Plaintiff were "reasonable and consistent with his postoperative condition."

20. Dr. Tyler further found that "Claimant is at MMI. He has permanent structural impairments in the lumbar spine. With the passage of time, it is expected that his spinal condition will worsen with development of more structural impairments in the spine."

21.     Defendants never sought additional information from the Plaintiff and instead sent a letter in April 2018 denying Plaintiff's benefits without conducting a reasonable investigation and without a reasonable basis to support their determination that Plaintiff could be gainfully employed as defined by the Policy.

22.     Defendants suggested that the Plaintiff could work as a "Gate Guard," a "Space Scheduler," or an "Information Clerk," but did not have any reasonable basis to support that determination.

23.     Plaintiff did not have the qualifications and/or due to his disability could not work in any of the three suggested positions.

24.     On June 28, 2018, Plaintiff appealed the determination that he was not entitled to benefits under the Policy after September 20, 2018.

25.     In August 2018, Defendants scheduled Plaintiff for an "independent medical examination" with Dr. Bruce Elkins.

26.     Upon information and belief, Dr. Elkins routinely testifies in favor of insurance companies that hire him to conduct "independent medical examinations."

27.     In September 2018, Plaintiff provided an opinion letter from Dr. Jeffry D. Meyer stating that Dr. Meyer felt that "it would be difficult for [Plaintiff] to maintain any type of gainful employment" as a result of his chronic health problems.

28.     On or about October 11, 2018, Defendants denied Plaintiff's first appeal based upon Dr. Elkins's transparently biased opinion.

29.     On or about March 25, 2019, Plaintiff submitted a second appeal.

30. On April 29, 2019, Defendants provided a report from Dr. Howard Grattan who practices primarily in Oregon.

31. Dr. Grattan did not physically examine Plaintiff.

32. Upon information and belief, Dr. Howard Grattan routinely is hired by and issues reports in favor of insurance companies.

33. In support of Plaintiff's second appeal, Plaintiff submitted a second letter from Dr. Jeffry Meyer stating that he had reviewed Dr. Grattan's report and continuing to opine that Plaintiff cannot be gainfully employed.

34. Based upon Dr. Grattan's transparently biased opinion, Defendants denied the second appeal and ultimately made a final decision that Plaintiff was not entitled to benefits.

35. Both appeals were solely conducted and reviewed by Defendants and not a third-party neutral arbiter of facts.

## COUNT 1
### Breach of Contract

36. Plaintiff hereby realleges the preceding paragraphs and incorporates them as though fully set forth herein.

37. By virtue of the Policy of insurance in effect at all relevant times and Plaintiff's status as an insured under the Policy, Defendant is contractually obligated to pay Plaintiff insurance benefits as a result Plaintiff's disability.

38. Defendant breached its duty to pay Plaintiff insurance benefits pursuant to the Policy.

39.   Defendant's breach of its duties under the Policy has resulted in substantial damages to the Plaintiff.

40.   Defendant's refusal to pay the full amount of said loss was vexatious and without reasonable cause and Plaintiff is entitled to attorney's fees pursuant to SDCL 58-12-3.

## COUNT 2
### Bad Faith

41.   Plaintiff hereby realleges the preceding paragraphs and incorporates them as though fully set forth herein.

42.   Because the Policy constituted a contract of insurance between Defendants and Plaintiff, there existed an implied covenant of good faith and fair dealing between them.

43.   The Plaintiff suffered a loss within the policy period that was compensable under the terms of the policy, provided timely notice to Defendants of the occurrence giving rise to coverage, and demanded payment for the same.

44.   Defendants did not conduct a reasonable investigation and there was no reasonable basis to deny the Plaintiff's claim for benefits.

45.   Defendants knew that there was a lack of reasonable basis for denial of the claim, or acted in reckless disregard as to whether or not a reasonable basis existed for the denial of the claim.

46.   In addition to the denial of benefits, Defendants committed bad faith against the Plaintiff in the following ways:

   a.   Terminating and denying Plaintiff's benefits without any reasonable basis upon which to do so;

7

b. Hiring a physician to conduct an adverse medical examination of Plaintiff that Defendant knew or should have known was biased in favor of insurance companies;

c. Representing to its insured that such adverse medical examination was "independent" when it knew or should have known that that said report was biased in Defendants' favor;

d. Failing to pay over the sum it reasonably believed to be due and owing its insured under the policy; and

e. Failing to conduct a reasonable investigation.

35. Defendants denied Plaintiff's claim for coverage in violation of the implied covenant of good faith and fair dealing and thereby committed bad faith.

36. At the time that Defendants terminated Plaintiff's benefits, Plaintiff's right to continued benefits under the terms of the Policy was not fairly debatable.

38. Defendants' refusal to provide coverage and honor the plain terms of its insurance contract caused substantial damages to the Plaintiff, including, but not limited to, attorney's fees, financial distress and emotional distress.

39. Defendants used unfair and deceptive acts and practices in dealing with the Plaintiff's claim for coverage through, among other things, its failure to acknowledge and act on his claim, its failure to adhere to reasonable standards regarding the handling of claims, its failure to reasonably investigate the claim, its failure to promptly provide a reasonable explanation of the basis of the denial, and its failure to promptly settle Plaintiff's claim when liability was clear.

40. Defendants' refusal to provide coverage and to honor the plain terms of its insurance contract was willful, wanton and with reckless disregard, entitling the Plaintiff to an award of punitive damages.

8

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for the following relief:

(1)     For Plaintiff's compensatory, general, special and punitive damages in an amount that the jury deems just and proper under the circumstances;

(2)     For attorney's fees pursuant to SDCL 58-12-3;

(3)     For Plaintiff's costs and disbursements herein;

(4)     For pre-judgment and post-judgment interest; and

(5)     For such other and further relief as the Court determines to be just and proper.

Dated this 21st day of April, 2020.

JOHNSON, JANKLOW,
ABDALLAH, & REITER, L.L.P.

BY _____
A. Russell Janklow (russ@janklowabdallah.com)
Scott A. Abdallah  (sabdallah@janklowabdallah.com)
Shannon R. Falon (shannon@janklowabdallah.com)
Sara E. Show  (sara@janklowabdallah.com)
P.O. Box 2348
Sioux Falls, SD 57101-2348
(605) 338-4304

*Attorneys for the Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable.

_____
Scott A. Abdallah

9

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

Nermin Muharemovic

**DEFENDANTS**

Lincoln National Corporation d/b/a Lincoln Financial Group & The Lincoln National Life Insurance Company

**(b)** County of Residence of First Listed Plaintiff    Lincoln (SD)
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Delaware (PA)
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
A. Russell Janklow / Scott A. Abdallah / Shannon R. Falon / Sara E. Show, Johnson, Janklow, Abdallah & Reiter, L.L.P., P.O. Box 2348, Sioux Falls, SD 57101-2348 (605-338-4304)

Attorneys *(If Known)*

Unknown

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff

☐ 3  Federal Question *(U.S. Government Not a Party)*

☐ 2  U.S. Government Defendant

☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY**  **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane  ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | Liability  ☐ 367 Health Care/ | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel &   Pharmaceutical | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| & Enforcement of Judgment | Slander   Personal Injury | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers'   Product Liability | | ☐ 835 Patent - Abbreviated | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted | Liability  ☐ 368 Asbestos Personal | | New Drug Application | ☐ 470 Racketeer Influenced and |
| Student Loans | ☐ 340 Marine   Injury Product | | ☐ 840 Trademark | Corrupt Organizations |
| (Excludes Veterans) | ☐ 345 Marine Product   Liability | | | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment | Liability  **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| of Veteran's Benefits | ☐ 350 Motor Vehicle  ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle  ☐ 371 Truth in Lending | Act | ☐ 862 Black Lung (923) | Exchange |
| ☐ 190 Other Contract | Product Liability  ☐ 380 Other Personal | ☐ 720 Labor/Management | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal   Property Damage | Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 196 Franchise | Injury  ☐ 385 Property Damage | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| | ☐ 362 Personal Injury -   Product Liability | ☐ 751 Family and Medical | | ☐ 895 Freedom of Information |
| | Medical Malpractice | Leave Act | | Act |
| **REAL PROPERTY** | **CIVIL RIGHTS**  **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights  **Habeas Corpus:** | ☐ 791 Employee Retirement | ☐ 870 Taxes (U.S. Plaintiff | ☐ 899 Administrative Procedure |
| ☐ 220 Foreclosure | ☐ 441 Voting  ☐ 463 Alien Detainee | Income Security Act | or Defendant) | Act/Review or Appeal of |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment  ☐ 510 Motions to Vacate | | ☐ 871 IRS—Third Party | Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/   Sentence | | 26 USC 7609 | ☐ 950 Constitutionality of |
| ☐ 245 Tort Product Liability | Accommodations  ☐ 530 General | | | State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities -  ☐ 535 Death Penalty | **IMMIGRATION** | | |
| | Employment   **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 446 Amer. w/Disabilities -  ☐ 540 Mandamus & Other | ☐ 465 Other Immigration | | |
| | Other  ☐ 550 Civil Rights | Actions | | |
| | ☐ 448 Education  ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - | | | |
| | Conditions of | | | |
| | Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332 / 28 U.S.C. § 1391(a)(2)

Brief description of cause:
Breach of Contract / Bad Faith Claim

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:    ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*    JUDGE _____    DOCKET NUMBER _____

DATE
04/21/2020

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)    Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)    County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)    Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.    Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.    Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.    Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.    Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

**VI.    Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.    Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.    Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.