UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

---

TONYA HAUKAAS,

           Plaintiff,

v.

LIBERTY MUTUAL INSURANCE
COMPANY,

           Defendant.

4:20-CV-04061-KES

**PLAINTIFF'S ANSWERS TO
DEFENDANT'S FIRST SET OF
INTERROGATORIES TO
PLAINTIFF**

---

COMES NOW, Plaintiff by and through attorneys and hereby provides the following

Answers to Defendant's First Set of Interrogatories:

## INTERROGATORIES

## INTERROGATORY NO. 1:

Identify all Persons providing information for, and/or assisting in answering these Interrogatories, and identify which Interrogatory each Person assisted in answering.

**ANSWER:    Tonya Haukaas provided information for answering these Interrogatories and Requests for Production with the assistance of her attorneys, Michael J. Simpson and Scott Abdallah.**

## INTERROGATORY NO. 2:

State Your precise claim for Damages, and in so stating please identify, *inter alia*, (1) the specific amount you seek and how you calculated that amount; and (2) what damages you contend are attributable to each cause of action alleged in the Complaint.

**ANSWER:    Objection. This Interrogatory is objected to on the grounds that it is overly broad, vague, ambiguous and calls for information that is work product.  In addition, this interrogatory is premature as Plaintiff has not received full discovery from Defendant yet, and thus cannot predict the extent of punitive damages necessary to punish and deter Defendants from committing similar conduct in the future. Without waiving these objections, Plaintiff's damages include, among other things, the following:**

1

**EXHIBIT 21**

- **Plaintiff went without getting the medical treatment Dr. Lawlor recommended (including a medial branch block of her facet joints) from October 2015 until September 30, 2017;**
- **Plaintiff incurred approximately $3,535.15 for her medical treatment, while her claim was denied;**
- **Plaintiff went without any disability benefits of $353 per week from January of 2016 until June of 2017;**
- **The loss of Plaintiff's medical benefits caused her medical condition to worsen, such that she is now incapable of working on a full-time basis due to low back pain.**
- **Plaintiff experienced emotional distress and mental anguish as a result of the Defendant's conduct;**
- **The coverage denial forced her to either file a lawsuit, or let the insurer wrongfully retain the benefits owed. Plaintiff retained an attorney and incurred attorneys' fees and sales tax of $9,258.47 on past due TTD benefits, attorney fees and sales tax on TTD benefits received between July 5, 2017 and February 22, 2019 of $9,924.95, attorney fees and sales tax of $1,443.76 on past due medical benefits and costs of approximately $5,738.47 in order to reinstate her right to medical and TTD benefits, which should have been unnecessary but for Defendant's denial of benefits. *See* attached documents;**
- **Plaintiff incurred attorney fees, sales tax and costs of $73,419.22 in connection with her claim for permanent, total disability benefits, which should have been unnecessary but for Defendant's denial of benefits;**
- **Plaintiff is also entitled to prejudgment interest on her economic damages;**
- **Plaintiff's non-economic general damages cannot be calculated with mathematical certainty and must be left to the discretion of the jury; and**
- **Punitive damages also cannot be determined with mathematical certainty and must be left to the discretion of the jury. For the standards used to arrive at an appropriate amount, see the South Dakota pattern jury instruction on punitive damages.**

**This is only an initial list of damages. As it is early in the discovery process, this response will be supplemented in accordance with the Rules of Civil Procedure.**

**INTERROGATORY NO. 3:**

Identify all payments You have received from any insurer or any other individual or entity related to the Injury, and in so doing, identify and state the nature and purpose for such payments.

**ANSWER:    Records documenting payments received from Defendant are in Defendant's possession.  I did not receive any other payments from any other insurer or individual or entity "related to the injury."**

**INTERROGATORY NO. 4:**

If you are not performing the same type of work now as you did at the time of the Injury, state completely the duties which you are unable to perform because of your alleged injuries and the

basis for your assertion.

**ANSWER:     I am unable to work on a consistent full time basis due to my low back pain, which causes me to need to lay down for pain relief during the day.  I also have difficulties lifting, bending, twisting, being on my feet, concentrating, and doing other basic work activities I could do before the injury.**

**INTERROGATORY NO. 5:**

Describe in detail all instances when You sought medical, nursing, chiropractic or other similar attention for alleged injuries sustained in the Injury from 2015 through the present, including but not limited to the Person or entity performing the medical consultation, the services rendered, and any diagnosis given at the consultation.

**ANSWER:     Defendant is in possession of these documents, as they were produced in the workers' compensation litigation.  After the settlement, Haukaas has received medical attention from Midwest Pain Clinic, 211 Sioux Point Road, #200, North Sioux City, SD 57049.  She received medical care from David Welch, PA, who prescribed pain medication for chronic pain syndrome.**

**INTERROGATORY NO. 6:**

Have you ever been injured in any other accident or incident in the last ten years? If so, give the dates, places, the nature of the accident or incident, the names and addresses of any other parties or insurance companies involved and the nature of the injuries you received in each.

**ANSWER:     Defendant is in possession of documentation regarding prior accidents or incidents, as this was provided in the workers' compensation litigation.**

**INTERROGATORY NO. 7:**

Since the Injury, have you filed a claim of unemployment compensation? If so, state when and where.

**ANSWER:     No.**

**INTERROGATORY NO. 8:**

Identify the factual basis supporting your assertion that "Liberty Mutual knew, or should have known, that Dr. Nipper regularly and routinely provided opinions to insurance companies that reduce the insurer's claim payments . . ." as alleged in Paragraph 23 of Your Complaint. If any Person has personal knowledge of said supporting factual basis, or any Document identifies any facts relevant to this Interrogatory, please identify any such Person or Document.

**ANSWER:    Objection.  This Interrogatory is objected to on the grounds that it is overly broad, vague, ambiguous and calls for information that is work product.  Without waiving said Objection, it is impossible to identify all documents which support these facts.  Dr. Nipper has been doing his IME work for over 10 years, and at times doing over 250 IMEs a year.  He has done this work for Liberty Mutual on a regular basis, such that numerous claims adjuster would know of his bias.**

*See* **the Complaint and the Defendants' own claim file for documents relating to this contention, as well as the many administrative decisions, and other materials available publicly via Lexis, Westlaw, and other services, involving Dr. Nipper and his reports for insurance companies.  These are equally available to Defendants, both now as well as when Defendants hired Dr. Nipper in this case.  See also Dr. Nipper's reports produced in discovery, as well as Dr. Nipper's deposition in the underlying workers' compensation case.  Insurance company personnel, Defendants' defense lawyers, and my workers' compensation attorney Michael J. Simpson, as well as OHARA personnel and Dr. Nipper all have knowledge of this assertion.  Discovery is still ongoing and this Interrogatory may be supplemented in accordance with the Federal Rules of Civil Procedure.**

### INTERROGATORY NO. 9:

Identify the factual basis supporting your assertion that "Liberty Mutual knew, or should have known, that Dr. Nipper's report did not provide a reasonable basis for denying treatment of Haukaas's lower left back injury . . ." as alleged in Paragraph 31 of Your Complaint. If any Person has personal knowledge of said supporting factual basis, or any Document identifies any facts relevant to this Interrogatory, please identify any such Person or Document.

**ANSWER:    Objection.  This Interrogatory is objected to on the grounds that it is overly broad, vague, ambiguous and calls for information that is work product.  Without waiving said Objection, please refer to Answer to Interrogatory 8.  In addition, please refer to paragraphs 24-29 and the documents produced by Plaintiff in her Rule 26 disclosure and Defendant's discovery responses.**

### INTERROGATORY NO. 10:

Identify the factual basis supporting your assertion that "Liberty Mutual failed to conduct a reasonable investigation of the facts and the law applicable to the claim" as alleged in Paragraph 43 of Your Complaint. If any Person has personal knowledge of said supporting factual basis, or any Document identifies any facts relevant to this Interrogatory, please identify any such Person or Document.

**ANSWER:    Objection.  This Interrogatory is objected to on the grounds that it is overly broad, vague, ambiguous and calls for information that is work product.  Without waiving said Objection, please refer to Answer to Interrogatory 8 and 9.**

4

**INTERROGATORY NO. 11:**

Identify the factual basis supporting your assertion that "Liberty Mutual . . . disregarded facts and law that supported Haukaas's claim" as alleged in Paragraph 43 of Your Complaint. If any Person has personal knowledge of said supporting factual basis, or any Document identifies any facts relevant to this Interrogatory, please identify any such Person or Document.

**ANSWER:    Objection.  This Interrogatory is objected to on the grounds that it is overly broad, vague, ambiguous and calls for information that is work product.  Without waiving said Objection, please refer to Answer to Interrogatory 8 and 9.**

**INTERROGATORY NO. 12:**

Identify the factual basis supporting your assertion that "Liberty Mutual . . . actively sought excuses to deny the claim" as alleged in Paragraph 43 of Your Complaint. If any Person has personal knowledge of said supporting factual basis, or any Document identifies any facts relevant to this Interrogatory, please identify any such Person or Document.

**ANSWER: Objection.  This Interrogatory is objected to on the grounds that it is overly broad, vague, ambiguous and calls for information that is work product.  Without waiving said Objection, please refer to Answer to Interrogatory 8 and 9.**

**INTERROGATORY NO. 13:**

Identify the factual basis supporting your assertion that "Liberty Mutual's conduct is part of a pattern of conduct of using biased IME doctors" as alleged in Paragraph 47 of Your Complaint. If any Person has personal knowledge of said supporting factual basis, or any Document identifies any facts relevant to this Interrogatory, please identify any such Person or Document.

**ANSWER: Objection.  This Interrogatory is objected to on the grounds that it is overly broad, vague, ambiguous and calls for information that is work product.  Without waiving said Objection, please refer to Answer to Interrogatory 8 and 9.**

**INTERROGATORY NO. 14:**

Identify the factual basis supporting your assertion that Plaintiff suffered "emotional upset, aggravation, annoyance, and embarrassment" as alleged in Paragraph 49 of Your Complaint. If any Person has personal knowledge of said supporting factual basis, or any Document identifies any facts relevant to this Interrogatory, please identify any such Person or Document.

**ANSWER:    Objection.  Work product as it calls for the mental impressions and conclusions of Plaintiff's attorneys.  In addition, this interrogatory is premature as Plaintiff has not received full discovery from Defendant yet.  Without waiving these objections, I went without getting the medical treatment Dr. Lawlor recommended (including a medial branch block of my facet joints) from October of 2015 until September 30, 2017.  I also went without any**

disability benefits of $353 per week from January of 2016 until June of 2017.  The loss of my medical benefits caused my medical condition to worsen, such that I am now incapable of working on a full-time basis due to the low back pain.  I also had to file a lawsuit against my employer to get my needed medical benefits.  All of this caused emotional upset, aggravation, annoyance, and embarrassment.  Documents supporting these assertions are contained in Defendant's discovery responses, including the claim file and Plaintiff's Rule 26 disclosures.  Persons with knowledge are myself, my husband, my family members, my medical providers, other individuals listed in Plaintiff's Rule 26 disclosures and my workers' compensation attorney, Michael J. Simpson.

Dated this _____ day of November, 2020.

_____
Tonya Haukaas

Subscribed and sworn to before me this ____ day of _____, 2020.

_____
Notary Public

(SEAL)                                          My Commission Expires: _____

AS TO OBJECTIONS:

Dated this 6th day of November, 2020.

JULIUS & SIMPSON, LLP

/s/ Michael J. Simpson
Michael J. Simpson
Attorneys for Claimant
1600 Mountain View Road, Suite 110
Rapid City, SD 57702
(605) 716-1000
Mike@juliussimpson.com

AND

JOHNSON, JANKLOW, ABDALLAH
& REITER, LLP
Scott A. Abdallah
P.O. Box 2348
Sioux Falls, SD 57104
Phone: 605-338-4304 | Fax: 605-338-4162
scott@janklowabdallah.com

6

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Plaintiff's Unsigned Answers to Defendant's First Set of Interrogatories to Plaintiff was served by E-Mail upon the following:

Daniel W. Berglund
Meghan M. Rodda
Grotefeld, Hoffman, Gordon, Ochoa & Evinger, LLP
150 South Fifth St., Suite 3650
Minneapolis, MN 55402
Telephone: (612) 564-4885
Fax: (312) 601-2402
dberglund@ghlaw-llp.com
mrodda@ghlaw-llp.com

and

Jack H. Hieb
RICHARDSON, WYLY, WISE, SAUCK & HIEB
1 Court Street
P.O. Box 1030 Aberdeen, SD 57402
Telephone: 605 225-6310
Fax: 605 225-2743
jhieb@rwwsh.com

Dated this 6th day of November, 2020.

/s/*Michael J. Simpson*
Michael J. Simpson