**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

---

TONYA HAUKAAS,                                            Civil No.: 20-4061

    Plaintiff,

    vs.                                              **ANSWER AND**
                                                         **AFFIRMATIVE DEFENSES**
                                                         **TO AMENDED COMPLAINT**
LIBERTY MUTUAL INSURANCE                                 **AND   DEFENDANT   FIRST**
COMPANY                                                  **LIBERTY INSURANCE**
                                                         **CORPORATION'S THIRD**
                                                         **PARTY COMPLAINT**

    Defendant

and THE FIRST LIBERTY
INSURANCE CORPORATION,

    Defendant and
    Third-Party Plaintiff

    vs.

O'Hara, LLC

    Third-Party Defendant

and Examworks, LLC.

    Third-Party Defendant

---

## ANSWER

For its Answer to Plaintiff's Amended Complaint, Defendants Liberty Mutual Insurance

Company and First Liberty Insurance Corporation state as follows:

{00564229.DOCX / 1}

**GENERAL DENIAL**

1.      Unless as hereinafter admitted or otherwise answered, Defendants generally deny each and every matter, statement, and allegation of Plaintiff's amended complaint.

**PARTIES**

2.      Upon information and belief, Defendants admit the allegations contained in Paragraph 1 of Plaintiff's amended complaint.

3.      Defendants admit the allegations contained in Paragraphs 2 and 3 of Plaintiff's amended complaint.

**JURISDICTION**

4.      With respect to the allegation contained in Paragraph 4 of Plaintiff's amended complaint, Defendants admit that Plaintiff alleges an amount in controversy in excess of $75,000, but deny that Plaintiff is entitled to the relief she seeks.

5.      With respect to the allegation contained in Paragraph 5 of Plaintiff's amended complaint, Defendants admit that Plaintiff's allegations, as alleged, grant jurisdiction pursuant to 28 U.S.C. § 1332.

**FACTUAL SUMMARY**

6.      With respect to Paragraph 6 of Plaintiff's amended complaint, upon information and belief, Defendants admit that Plaintiff was employed by Aspen Grove assisted living at the time of her injury.

7.      With respect to the allegations contained in Paragraph 7 of Plaintiff's amended complaint, Defendants state that First Liberty Insurance Corporation provided and administered the Worker's Compensation insurance coverage alleged.  Defendants deny that Liberty Mutual

{00564229.DOCX / 1}                                    2

Insurance Company provided or administered the coverage alleged in Paragraph 7 of Plaintiff's amended complaint.

8.    With respect to the allegations contained in Paragraphs 8 through 10 of Plaintiff's amended complaint, Defendants admit that the allegations are consistent with how Plaintiff described the basis of her injury at the time it was first reported.

9.    With respect to the allegations contained in Paragraph 11 of Plaintiff's amended complaint, Defendants admit that Plaintiff sought medical care and incurred medical expenses. Defendants affirmatively state, however, that Plaintiff did not initially report the claim as a work-related injury.

10.    With respect to the allegations contained in Paragraph 12 of Plaintiff's amended complaint, Defendants state that Plaintiff contended she continued to have lower back pain and that she eventually returned to light duty work.

11.    With respect to Paragraph 13 of Plaintiff's amended complaint, Defendants admit that Plaintiff later asserted that she reinjured her back on April 2, 2015, but said injury was not reported to either Defendant at that time.

12.    Defendants lack specific information to admit or deny the allegation contained in Paragraph 14 of Plaintiff's amended complaint, and therefore deny same. Defendants affirmatively state that Plaintiff voluntarily resigned from her position.

13.    Upon information and belief, Defendants admit the allegations contained in Paragraphs 15 through 17 of Plaintiff's amended complaint.

14.    With respect to the allegations contained in Paragraph 18 of Plaintiff's amended complaint, Defendant First Liberty admits that it initially accepted the Worker's Compensation claim based upon the information available to it.   Defendant Liberty Mutual did not provide

coverage and therefore did not accept or pay the benefits alleged in Paragraph 18 of Plaintiff's amended Complaint.

15.     Defendant First Liberty admits the allegation contained in Paragraph 19 of Plaintiff's amended complaint.  First Liberty affirmatively asserts, however, that it retained Dr. Nipper upon the recommendation of its managed care provider. Defendant Liberty Mutual did not provide coverage for Plaintiff's injury.

16.     With respect to Paragraph 20 of Plaintiff's amended complaint, Defendants deny that they had a "close relationship" with Dr. Nipper.  Defendants lack sufficient information to admit or deny the relationship Dr. Nipper had with any other insurance company, and therefore deny same and demand strict proof thereof.

17.     With respect to the allegations contained in Paragraph 21 of Plaintiff's amended complaint, Defendants state that Dr. Nipper's testimony speaks for itself and Defendants deny the allegations of Paragraph 21 to the extent they are inconsistent with his testimony.

18.     Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 22 of Plaintiff's amended complaint and therefore deny same.

19.     Defendants deny the allegations contained in Paragraph 23 of Plaintiff's amended complaint.

20.     With respect to the allegations contained in Paragraph 24 of Plaintiff's amended complaint, Defendants state that Dr. Nipper's report speaks for itself, and deny the allegations of Paragraph 24 to the extent they are inconsistent with said report.

21.      With respect to the allegations contained in Paragraph 25 of Plaintiff's amended complaint, Defendants state that Dr. Nipper's report speaks for itself, and deny the allegations of Paragraph 25 to the extent they are inconsistent with said report.  Defendants further state that they

lack sufficient information to admit or deny that Dr. Nipper "typically" concludes that "the lumbosacral strain/sprain injury would have resolved by approximately six weeks following the event in question," and therefore deny same.

22. With respect to the allegations contained in Paragraph 26 of Plaintiff's amended complaint, Defendants state that Dr. Nipper's report speaks for itself, and deny the allegations of Paragraph 26 to the extent they are inconsistent with said report.

23. With respect to the allegations contained in Paragraphs 27 and 28 of Plaintiff's amended complaint, Defendants deny that Dr. Nipper's report was "transparently biased" and any suggestion or inference that it was not supported by his independent medical examination and Plaintiff's medical records. Defendants further state that Plaintiff's medical records speak for themselves, and deny that Plaintiff's medical records are limited to the records cited in Paragraphs 27 and 28.

24. With respect to the allegations contained in Paragraph 29 of Plaintiff's amended complaint, Defendant First Liberty denies any inference or suggestion that, based upon the report provided, it would have been aware of and able to identify the "discrepancies" alleged in Paragraph 29. Defendants also state that the testimony of Dr. Nipper speaks for itself and denies Plaintiff's characterizations thereof to the extent they are inconsistent with his testimony. Defendant Liberty Mutual did not provide coverage for Plaintiff's injury.

25. Defendants admits the allegations contained in Paragraph 30 of Plaintiff's amended complaint.

26. Defendants deny the allegations contained in Paragraph 31 of Plaintiff's amended complaint.

27.     Upon information and belief, Defendants admit the allegations contained in Paragraph 32 of Plaintiff's amended complaint.

28.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraphs 33 and 34 of Plaintiff's amended complaint and therefore deny same and demand strict proof thereof.

29.     Defendants admit the allegations contained in Paragraphs 35 and 36 of Plaintiff's amended complaint.

30.     Defendants deny the allegation contained in Paragraph 37 of Plaintiff's amended complaint as alleged.

31.     Defendants admit the allegations contained in Paragraph 38 of Plaintiff's amended complaint.

32.     Defendants lack sufficient knowledge to admit or deny the allegations contained in Paragraph 39 of Plaintiff's amended complaint and therefore deny same and demand strict proof thereof.

33.     With respect to the allegations contained in Paragraphs 40, 41 and 42 of Plaintiff's amended complaint, Defendant First Liberty admits that as a result of the Department of Labor's decision, it paid Plaintiff accrued benefits and medical expenses, continued to pay such benefits as alleged, and reached a settlement after negotiations with Plaintiff's counsel.  Defendant Liberty Mutual did not provide coverage for Plaintiff's injury. Defendants lack knowledge of Plaintiff's fee arrangement with her counsel and payments made and therefore deny same and demand strict proof thereof.

34.     Defendants deny the allegations contained in Paragraph 43 of Plaintiff's amended complaint.

## COUNT ONE
### (Bad Faith)

35.    Defendants reallege and incorporate the responses contained in Paragraphs 1 through 34 herein.

36.    Defendants admit the allegations contained in Paragraph 45 of Plaintiff's amended complaint.

37.    Defendants deny the allegations contained in Paragraphs 46 through 49 of Plaintiff's amended complaint. Defendant Liberty Mutual further states that it did not provide coverage for Plaintiff's injury.

## AFFIRMATIVE DEFENSES

In defense of Plaintiff's amended complaint, Defendants Liberty Mutual Insurance Company and First Liberty Insurance Corporation provide the following affirmative defenses:

### First Affirmative Defense

1.    Plaintiff fails to state a claim for which relief can be granted.

### Second Affirmative Defense

2.    The conduct alleged in Plaintiff's amended complaint is attributable to others and not Defendants.

### Third Affirmative Defense

3.    Plaintiff's amended complaint is barred, in whole or in part, because Defendants had a reasonable basis for denial of Johnson's worker's compensation benefits.

## Fourth Affirmative Defense

4.      Plaintiff has failed to mitigate, minimize, or avoid any of the loss or damage alleged in her amended complaint, and any recovery against Defendants must therefore be reduced by that amount.

## Fifth Affirmative Defense

5.      Plaintiff's claims for relief are barred by her own conduct, and the equitable doctrine of unclean hands, laches, and estoppel.

## Sixth Affirmative Defense

6.      Plaintiff's claims are otherwise barred by in whole or in part by the terms, conditions, and limitations contained in the insurance policy at issue.

## Seventh Affirmative Defense

7.      Plaintiff's claims for relief, if granted, would produce a windfall recovery not consistent with the principle of equity.

## Eighth Affirmative Defense

8.      Plaintiff's claims against Liberty Mutual Insurance Company are barred because Liberty Mutual Insurance Company did not provide coverage for Plaintiff's injury.

## Ninth Affirmative Defense

9.      Plaintiff's amended complaint does not describe the claims made against Defendants with sufficient particularity to enable Defendants to determine all of their defenses (including defenses based upon the terms, conditions or exclusions of the Policy) to the causes of action alleged against Defendants in Plaintiff's amended complaint.  Defendants, therefore, reserve the right to assert any and all defenses that may be pertinent to Plaintiff's claims against them.

{00564229.DOCX / 1}                                    8

## DEFENDANT FIRST LIBERTY INSURANCE CORPORATION'S THIRD-PARTY COMPLAINT

Now comes Defendant First Liberty Insurance Corporation ("First Liberty"), as Defendant and Third-Party Plaintiff and alleges as follows:

1.   At all times relevant to this action, First Liberty insured LE Holding, LLC.

2.   According to Plaintiff's Amended Complaint, Plaintiff worked as a certified nursing assistant for LE Holding, LLC and Plaintiff alleges that she sustained an injury during the course of employment.

3.   Defendant First Liberty engaged Defendant O'Hara, LLC, a South Dakota limited liability company with its principal place of business in Sioux Falls, SD, to provide managed care services for Plaintiff's claim.

4.   O'Hara provided said managed care pursuant to a Master Services Agreement.

5.   At all times relevant to this action, Defendants had a vendor agreement with Examworks, LLC, a Delaware Corporation with its principal place of business in Atlanta, GA, to provide, inter alia, qualified physicians to perform independent medical evaluations of Defendants' claimants.

6.   As part of O'Hara's managed care services for Plaintiff's claims, it recommended that Defendant First Liberty schedule an IME through Examworks with Dr. Nipper.

7.   Defendant First Liberty followed the recommendation of O'Hara and requested that O'Hara schedule an IME through Examworks with Dr. Nipper.

8.   Plaintiff alleges in her amended complaint that Defendants knowingly hired a doctor who was "predictably biased in favor of the party retaining his services," and has now filed an action in bad faith against Defendants, seeking damages in an amount in excess of $75,000.

## COUNT ONE – STATUTORY CONTRIBUTION
### (AGAINST O'HARA AND EXAMWORKS)

9.      First Liberty realleges and incorporates by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

10.     If Plaintiff has suffered any damage as alleged in her amended Complaint or otherwise, which First Liberty denies, such damage was proximately caused by the negligence, fault, omission, or other act of Third-Party Defendants in the provision of services to First Liberty.

11.     First Liberty is entitled to contribution under the South Dakota Contribution Among Joint Tortfeasors Act for any amounts which may be awarded to Plaintiff that are adjudged to be proximately caused by the fault of the Third-Party Defendants, together with costs and disbursements incurred herein, including attorneys' fees.

## COUNT TWO – COMMON LAW INDEMNITY
### (AGAINST O'HARA AND EXAMWORKS)

12.     First Liberty realleges and incorporates by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

13.     If Plaintiff prevails in its allegations that Defendants retained a "biased" doctor, which Defendants deny, it did so pursuant to the services rendered by Third-Party Defendants.

14.     To the extent Plaintiff's allegations are true, which Defendants deny, First Liberty's conduct was passive and not active.

15.     First Liberty is entitled to indemnity under South Dakota common law for any amounts which may be awarded to Plaintiff that are adjudged to be proximately caused by the fault of the Third-Party Defendants, together with costs and disbursements incurred herein, including attorneys' fees.

## COUNT THREE – CONTRACTUAL
## INDEMNITY (AGAINST O'HARA AND EXAMWORKS)

16.     First Liberty realleges and incorporates by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

17.     Pursuant to the terms agreed to within the contracts between First Liberty and the Third Party Defendants, the Third Party Defendants agreed to indemnify, defend and hold harmless First Liberty from any and all claims arising out of (1) the breach of any representation of obligation contained in their respective service contracts; (2) the negligent acts of the Third-Party Defendants, and other circumstances found within the contract.

18.     If and to the extent Plaintiff's allegations are true, the damages claimed within Plaintiff's amended complaint are due to the negligence and/or breach of contract of the Third-Party Defendants.

19.     Therefore, First Liberty is entitled to indemnity under the respective service contracts of the Third-Party Defendants for any amounts which may be awarded to Plaintiff that are adjudged to be caused by the fault of the Third-Party Defendants, respectively, together with costs and disbursements incurred herein, including attorneys' fees.

## COUNT THREE – BREACH OF CONTRACT
## (AGAINST O'HARA AND EXAMWORKS)

20.     First Liberty realleges and incorporates by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

21.     O'Hara agreed to provide services consistent with the terms, conditions and specifications set forth in its Master Service Contract.

22.     Examworks agreed to provide competent and unbiased doctors as part of its terms, conditions and specifications as set forth in its vendor agreement with Defendants.

{00564229.DOCX / 1}                    11

23.    If the allegations made in Plaintiff's amended complaint are true, the Third-Party Defendants failed to provide the promised services in their respective contracts with Defendants.

24.     If the allegations made in Plaintiff's amended complaint are true, the Third-Party Defendants breached their respective contracts with Defendants.

25.    As a direct and proximate cause of the breaches of contract asserted herein, First Liberty is entitled to all losses or damages, including attorneys' fees, the exact amount to be determined at trial, from Third-Party Defendants.

WHEREFORE, Defendants Liberty Mutual Insurance Company and First Liberty Insurance Corporation respectfully pray for judgment in their favor and against Plaintiff as follows:

1.    That the allegations against Defendants be dismissed with prejudice and on the merits;

2.    That Plaintiff takes nothing by reason of the allegations set forth in her amended complaint;

3.    That Defendants be awarded reasonable attorneys' fees, costs and disbursements herein; and

4.    For any further and other legal and equitable relief as asserted herein or deemed proper by the Court.

Dated: June 14, 2022                    By: /s/ Jack H. Hieb

Jack H. Hieb
RICHARDSON, WYLY, WISE, SAUCK & HIEB
1 Court Street
P.O. Box 1030
Aberdeen, SD 57402
Telephone: 605 225-6310

and

Daniel W. Berglund
GROTEFELD HOFFMANN GORDON
OCHOA & EVINGER
150 South Fifth St., Suite 3650
Minneapolis, MN 55402
Telephone: (612) 564-4885
dberglund@ghlaw-llp.com

Attorneys for Defendants
LIBERTY MUTUAL INSURANCE COMPANY
AND FIRST LIBERTY INSURANCE
CORPORATION