**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

---

LIBERTY MUTUAL INSURANCE
COMPANY

and THE FIRST LIBERTY
INSURANCE CORPORATION,

      Plaintiffs

      vs.

EXAMWORKS, LLC.

      Defendant

Civil No.: 20-4061

**AMENDED COMPLAINT**

---

Now come Liberty Mutual Insurance Company and The First Liberty Insurance Corporation, Plaintiffs and hereby state and allege as follows:

**PARTIES**

1. Plaintiff Liberty Mutual Insurance Company is a Massachusetts company with its principal place of business in the State of Massachusetts.

2. Plaintiff The First Liberty Insurance Corporation is an Illinois company with its principal place of business in the State of Massachusetts.

3. Defendant Examworks, LLC is a Delaware Corporation with its principal place of business in Atlanta, GA.

**JURISDICTION AND VENUE**

4. The amount in controversy exceeds $75,000.

5. Jurisdiction herein is based on 28 U.S.C. § 1332, Diversity of Citizenship.

6.      Venue is proper because the facts and conduct giving rise to this action took place in the State of South Dakota.

## FACTUAL SUMMARY

7.      At all times relevant to this action, Liberty Mutual had a vendor agreement with Examworks to provide, *inter alia*, qualified physicians to perform independent medical evaluations (IMEs) of individuals who had made claims under policies issued by Liberty Mutual and its related entities, including those issued by First Liberty.

8.      As part of its contractual obligations, Examworks agreed to "select and make available" the practitioners who performed IMEs, to ensure the practitioners were properly credentialed, and to assure the quality of services provided by said practitioners.

9.      The contract also states that Examworks—not Liberty Mutual—assigns "the IME examiner of the specialty requested by [Liberty Mutual]," and that those examiners are considered "employees or independent contractors of" Examworks.

10.     Should Examworks fail to fulfill those contractual obligations and do so in a manner that causes Liberty Mutual or any of its affiliated companies to be liable for the IME services rendered, Examworks expressly agreed to indemnify and hold Liberty Mutual and its affiliated companies harmless.

11.     On or about April 3, 2020, Defendant Liberty Mutual was served with a lawsuit asserting that Liberty Mutual was engaged in a "pattern of conduct" of retaining biased IME doctors.  The complaint was amended on or about May 31, 2022 to include the same allegations against Defendant First Liberty, the company that underwrote the policy providing the workers compensation coverage at issue in the complaint served upon Plaintiffs.

12.    As part of the complaint, the plaintiff, Tonya Haukaas, claimed that Liberty Mutual and First Liberty engaged Dr. Jeffrey Nipper for the specific purpose of rendering a medical opinion favorable to insurers so that First Liberty could deny Haukaas's workers' compensation claim.

13.    During litigation, Liberty Mutual and First Liberty learned that similar allegations had been made against Dr. Nipper in other disputes involving other insurance carriers.

14.    Upon information and belief, Examworks, because of its contractual obligations to Plaintiffs, knew or should have known about these prior allegations.

15.    Although Liberty Mutual and First Liberty denied the allegations made against them, they were compelled to settle the claims made by Haukaas in a confidential amount exceeding $75,000 because of Examworks' failure to adequately perform its contractual obligations to Plaintiff.

## COUNT ONE – BREACH OF CONTRACT

16.    Plaintiffs reallege and incorporate by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

17.    Examworks agreed to vet and provide competent and unbiased doctors as part of its terms, conditions and specifications as set forth in its vendor agreement with Plaintiffs.

18.    Examworks, because of its contractual obligations, knew or should have known of the prior allegations made against Dr. Nipper.  Nevertheless, Examworks continued (and, upon information and belief, *continues*) to retain Dr. Nipper to perform independent medical examinations (IMEs) and other work on behalf of insurers.

19.    Upon information and belief, Examworks breached its contractual obligations to provide a competent physician to perform IME work on behalf of Plaintiffs in the following ways:

a.  Failing to have and develop adequate policies and procedures for verifying the quality of the physicians it provides;

b.  Failing to follow the limited policies and procedures it does, in fact, have in place for verifying the quality of the physicians it provides; and

c.  Retaining physicians that it knew or should have known were facing or have faced allegations of bias; and

d.  Either failing to verify the quality of Dr. Nipper (or any allegations made against him relating to biased conduct), or retaining him knowing of the prior allegations against Dr. Nipper.

20.    The failures contained in Paragraph 13 are ongoing in nature, and in addition to the damages described herein continue to expose Plaintiffs and other insurers to ongoing damages.

21.    As a direct and proximate cause of the breaches of contract asserted herein, Plaintiffs are entitled to all losses or damages, including attorneys' fees, it has incurred to resolve its lawsuit with Haukaas.

## COUNT TWO – CONTRACTUAL INDEMNITY

22.    Defendants reallege and incorporate by reference all allegations contained in the proceeding paragraphs as if fully set forth herein.

23.    Pursuant to the terms agreed to within the contracts between Plaintiffs and Examworks, Examworks agreed to indemnify, defend and hold harmless Plaintiffs from any

{00618101.DOCX / 1}                                4

and all claims arising out of (1) the breach of any representation of obligation contained in its service contract; (2) the negligent acts of Examworks, and other circumstances found within the contract.

24.     Upon information and belief, Examworks breached its contractual obligations in its service contract or acted negligently in the following ways:

a.  Failing to develop or to have adequate policies and procedures in place for verifying the quality of the physicians it provides;

b.  Failing to follow the limited policies and procedures it does, in fact, have in place for verifying the quality of the physicians it provides;

c.  Retaining physicians that it knew or should have known that faced or were facing allegations of bias; and

d.  Either failing to verify the quality of Dr. Nipper (or any allegations made against him relating to biased conduct), or retaining him knowing of the prior allegations against Dr. Nipper.

e.  Failing to indemnify Plaintiffs when demanded to do so.

25.     These failures have resulted in the damages described herein.

26.     Therefore, Plaintiffs are entitled to indemnity under its vendor agreement with Examworks for the amounts it has paid to resolve its lawsuit with Haukaas.

**WHEREFORE**, Plaintiffs Liberty Mutual Insurance Company and The First Liberty Insurance Corporation respectfully pray for the following relief:

(1)    Compensatory damages, including attorney's fees, for all amounts paid in settlement of the claims made by Tanya Haukaas;

(2)    Any and all attorney's fees, costs and disbursements allowed by law;

(3)     Pre-judgment interest as allowed by law; and

(4)     Other relief as deemed appropriate and necessary by either the Court or the jury.

Dated: March 29, 2023        By: /s/ Jack H. Hieb

RICHARDSON, WYLY, WISE,
SAUCK & HIEB
1 Court Street
P.O. Box 1030
Aberdeen, SD 57402
Telephone: 605 225-6310
jhieb@rwwsh.com

and

Daniel W. Berglund
Meghan M. Rodda
GROTEFELD HOFFMANN LLP
150 South Fifth St., Suite 3650
Minneapolis, MN 55402
Telephone: (612) 564-4885
dberglund@ghlaw-llp.com
mrodda@ghlaw-llp.com

*Attorneys for Plaintiffs LIBERTY MUTUAL
INSURANCE COMPANY and THE FIRST
LIBERTY INSURANCE CORPORATION*