UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| THE FIRST LIBERTY INSURANCE CORPORATION and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>          Plaintiffs,<br><br>   vs.<br><br>EXAMWORKS, LLC,<br><br>          Defendant. | 4:20-CV-04061-KES<br><br>ORDER DENYING MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND DENYING REQUEST FOR SANCTIONS |

ExamWorks, LLC, defendant, moves to dismiss this action under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction. Docket 122. The First Liberty Insurance Corporation (First Liberty) and Liberty Mutual Insurance Company (Liberty Mutual), plaintiffs, oppose this motion. Docket 124. After considering the parties' submissions and arguments, the court issues the following order.

**PROCEDURAL AND FACTUAL BACKGROUND**

This case began over three years ago when Tonya Haukaas, the original plaintiff, sued Liberty Mutual Insurance Company, alleging bad faith. Docket 1. Haukaas amended her complaint, adding First Liberty as a defendant. *See* Docket 72. In Haukaas's amended complaint, Haukaas alleged that after suffering an injury from work and after First Liberty and Liberty Mutual originally accepted her worker's compensation claim, First Liberty and  Liberty Mutual requested that she obtain an independent medical examination from

Dr. Jefferey Nipper. *See id.* ¶ 19. Haukaas alleged that even though Dr. Nipper performed a biased evaluation of Haukaas in favor of insurance companies and in direct contradiction to Haukaas's medical records, First Liberty and Liberty Mutual nonetheless informed her that they would stop making payments to Haukaas based on Dr. Nipper's report. *See id.* ¶¶ 24-30.

First Liberty and Liberty Mutual denied these allegations in an answer. *See* Docket 77. In the same filing, First Liberty filed a third-party complaint against Examworks.[1] *Id.* at 9-12. As relevant to this order, First Liberty alleged breach of contract and contractual indemnity. *Id.* at 11-12. First Liberty alleged that "Examworks agreed to provide competent and unbiased doctors as part of its terms, conditions and specifications as set forth in its vendor agreement with [First Liberty and Liberty Mutual]." *Id.* at 11. First Liberty also referenced actions taken by Examworks with respect to Dr. Nipper. *Id.* at 9. Additionally, First Liberty alleged that "[i]f the allegations made in [Haukaas]'s amended complaint are true, [Examworks] failed to provide the promised services in [its] respective contract[] with [First Liberty and Liberty Mutual]" and thus breached such contract. *Id.* at 12. As part of Haukaas' amended complaint, Haukaas alleged that First Liberty and Liberty Mutual engaged in a "pattern of conduct of using biased [independent medical examination] doctors like Dr. Nipper to provide biased reports as a basis to deny legitimate claims and reduce claim

---

[1] In this third-party complaint, First Liberty also named O'Hara, LLC, as a defendant, but the court eventually dismissed O'Hara from the case after all then-existing parties jointly moved for such dismissal. *See* Docket 72 at 9-12; Docket 104; Docket 110.

costs." Docket 72 ¶ 47. In response to First Liberty's third-party complaint, Examworks filed a motion to dismiss for failure to state a claim. *See* Docket 86. This motion did not raise a lack of personal jurisdiction argument. *See id.; see also generally* Docket 87.

Haukaas, First Liberty, and Liberty Mutual then jointly moved to dismiss Haukaas's claims against First Liberty and Liberty Mutual. Docket 98. The court granted this motion. Docket 100. First Liberty subsequently moved to amend its complaint against Examworks by removing Haukaas as a plaintiff, adding Liberty Mutual as a plaintiff, and adding factual allegations. *See* Docket 106-1; Docket 109 at 2. Examworks stipulated to removing Haukaas but opposed the addition of Liberty Mutual and opposed adding the factual allegations. *See* Docket 113. With respect to adding Liberty Mutual and the new factual allegations, Examworks argued that such additions would prejudice Examworks, cause undue delay, and be futile because the amended complaint would not survive a Rule 12(b)(6) motion. *See* Docket 113 at 7-9. Examworks did not raise a personal jurisdiction argument at that time. *See generally id.* The court granted First Liberty's motion to amend the complaint. Docket 118 at 22.

First Liberty and Liberty Mutual filed their amended complaint against Examworks, re-asserting their breach of contract and contractual indemnity claims. *See* Docket 120 ¶¶ 16-26. As part of their allegations, First Liberty and Liberty Mutual allege that Examworks "agreed to 'select and make available' the practitioners who performed [independent medical examinations], to ensure

3

the practitioners were properly credentialed, and to assure the quality of services provided by said practitioners." *Id.* ¶ 8. First Liberty and Liberty Mutual's amended complaint further references Haukaas's claims against them with respect to Dr. Nipper's bias toward insurance companies, as well as "similar allegations" against Dr. Nipper in other disputes involving other insurance carriers. *See id.* ¶ 12-13. First Liberty and Liberty Mutual also allege that based on Examworks' contractual obligations, Examworks "knew or should have known of the prior allegations made against Dr. Nipper[,]" but nonetheless continued and continues to retain Dr. Nipper to perform independent medical examinations and other work on behalf of insurers. *Id.* ¶ 18. Thus, according to First Liberty and Liberty Mutual, "Examworks breached its contractual obligations to provide a competent physician to perform [independent medical examination] work on behalf of [First Liberty and Liberty Mutual]" by doing the following:

  a. Failing to have and develop adequate policies and procedures for verifying the quality of the physicians it provides;

  b. Failing to follow the limited policies and procedures it does, in fact, have in place for verifying the quality of the physicians it provides; and

  c. Retaining physicians that it knew or should have known were facing or have faced allegations of bias; and

  d. Either failing to verify the quality of Dr. Nipper (or any allegations made against him relating to biased conduct), or retaining him knowing of the prior allegations against Dr. Nipper.

4

*Id.* ¶ 19. In addition to the breach of contract claim, First Liberty and Liberty Mutual allege in their amended complaint that Examworks failed to indemnify, defend, and hold harmless First Liberty and Liberty Mutual. *Id.* ¶ 23-26.

Examworks now moves the court to dismiss the amended third-party complaint for lack of personal jurisdiction. Docket 122. The court turns to Examworks' motion.[2]

## DISCUSSION

### I.   **Personal Jurisdiction**

First Liberty and Liberty Mutual argue that Examworks has waived its personal jurisdiction defense. *See* Docket 124 at 3. In support, First Liberty and Liberty Mutual point out that "ExamWorks did not raise [a] lack-of-personal-jurisdiction defense in its opposition to [First Liberty and Liberty Mutual's] motion to amend the complaint, despite having a copy of the then proposed amended complaint and asserting other affirmative defenses in support of its argument that the amendment was futile." *Id.* at 6. Additionally, First Liberty and Liberty Mutual argue that Examworks waived its defense because Examworks filed a Rule 12(b)(6) failure to state a claim motion after

---

[2] Although Examworks originally filed a motion to dismiss for failure to state claim with respect to First Liberty's initial third-party complaint, the court denied it as moot once the court granted First Liberty's motion to file an amended third-party complaint. *See* Docket 85; Docket 121. Examworks' instant motion only argues lack of personal jurisdiction. *See* Docket 122; *see generally* Docket 123.

First Liberty filed its initial third-party complaint and did not raise a personal jurisdiction argument at that time. *See* Docket 124 at 3-4.[3]

Courts in the Eighth Circuit and across the country recognize at least two ways in which a defendant can waive a personal jurisdiction defense. First, "[a] litigant may, by conduct, waive objections to personal jurisdiction." *Van Pragg v. Columbia Classics Corp.*, 849 F.2d 1106, 1109 (8th Cir. 1988); *see also Yeldell v. Tutt*, 913 F.2d 533, 539 (8th Cir. 1990) (finding party waived personal jurisdiction through conduct); *Alger v. Hayes*, 452 F.2d 841, 844 (8th Cir. 1972) (holding defendant waived a personal jurisdiction defense because his conduct did "not reflect a continuing objection to the power of the court to act over the defendant's person[]"). "[A] defendant waives its personal jurisdiction defense if submissions, appearances and filings give the plaintiff a reasonable expectation that the defendant will defend the suit on the merits or cause the court to go to some effort that would be wasted if personal jurisdiction is later found lacking." *Means v. U.S. Conf. of Cath. Bishops*, 836 F.3d 643, 648 (6th Cir. 2016) (cleaned up) (quotation omitted); *see also Hedeen Int'l., LLC v. Zing Toys, Inc.*, 811 F.3d 904, 906 (7th Cir. 2016); *PaineWebber Inc. v. Chase Manhattan Priv. Bank (Switzerland)*, 260 F.3d 453, 459 (5th Cir. 2001) (recognizing the "well-established rule that parties who choose to litigate actively on the merits thereby surrender any jurisdictional objections"); *In re*

---

[3] Under Civil Rule of Procedure 14(a)(2), a third-party defendant "must assert any defense against the third-party plaintiff claim under Rule 12[.]" Thus, the principles of waiver discussed below apply equally to third-party defendants, such as Examworks, as they do to ordinary defendants named in original complaints.

*Asbestos Prod. Liab. Litig. (No. VI)*, 921 F.3d 98, 105 (3d Cir. 2019) ("Precedent of the Supreme Court and this Court further holds that the right to assert a personal jurisdiction defense can be affirmatively and implicitly waived through conduct.").

When a plaintiff moves to amend its complaint, the defendant, if it believes the court would lack personal jurisdiction over it, can at the very least state its opposition to the motion on the grounds that the amended complaint is futile for lack of personal jurisdiction. *See, e.g.*, *Pridgen v. Appen Butler Hill, Inc.*, 2019 WL 1048950, at *3 (D. Md. Mar. 5, 2019) (defendant arguing an amended complaint would be futile because the court lacks personal jurisdiction over proposed defendants). Although it may not be appropriate for a court to deny leave to amend where a defendant objects to personal jurisdiction on behalf of proposed defendants on the grounds that the current defendant lacks standing to do so, that concern does not exist when the defendant is faced with a motion to amend a complaint that seeks only to add a plaintiff and factual allegations because "[t]he personal jurisdiction requirement recognizes and protects an *individual* liberty interest." *Ins. Corp. of Ireland, Ltd. v. Campagnie des Brauxites de Guinee*, 456 U.S. 694, 702 (1982) (emphasis added); *see also Synthes, Inc. v. Marotta*, 281 F.R.D. 217, 229-30 (E.D. Pa. 2012) (collecting cases finding that "a defendant lacks standing to raise absence of personal jurisdiction on behalf of proposed co-defendants"). *But see Stenger v. Marriot Int'l Corp. Headquarters*, 2016 WL 223681, at *2 (S.D. Ohio Jan. 19, 2016) (accepting defendant's opposition to

7

plaintiff's motion to amend because such amendments would be futile given the court lacked personal jurisdiction over proposed new defendant). A defendant's failure to raise a personal jurisdiction argument in opposing a motion to amend the complaint indicates a willingness to litigate the case on its merits. *See Hamm v. Wyndham Resort Dev. Corp.*, 2020 WL 5995050, at *6 (M.D. Tenn. Oct. 9, 2020).

The second way in which a defendant can waive a personal jurisdiction defense resides in the Federal Rules of Civil Procedure. Under Rule 12(b)(2), a party may raise a lack of personal jurisdiction defense. Fed. R. Civ. P. 12(b)(2). But Rule 12(g) limits the ability to do so: a party must ordinarily include this defense in its first Rule 12 motion. Under Rule 12(g)(2), "a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." Fed. R. Civ. P. 12(g)(2). Instead, "[a] party waives any defense listed in Rule 12(b)(2)-(5) by omitting it from a motion in the circumstances described in Rule 12(g)(2)." Fed. R. Civ. P. 12(h)(1)(A). Thus, "[i]f one or more of these defenses are omitted from the initial motion but were available to the movant at that time, they are permanently lost." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1391 (3d ed.).

"The filing of an amended complaint will not revive the right to present by motion defenses that were available but were not asserted in timely fashion prior to the amendment of the pleading." *Id.* § 1388. Instead, the relevant determination is whether the amended complaint changes the theory or scope

8

of the case such that the defendant could have raised the defense at the time of the original complaint. *See Krinsk v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1202 (11th Cir. 2011); *Burton v. Ghosh*, 961 F.3d 960, 967-68 (7th Cir. 2020); *Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003) ("While it is true that an amended complaint ordinarily supersedes a prior complaint, and renders it of no legal effect[,] [i]t is also true that if the amended complaint also contains new matter, the defendant may bring a second motion under Rule 12 to object to the new allegations only."); *Davis v. Bechanan Cty.*, 2019 WL 7116363, at *3 (W.D. Mo. Dec. 23, 2019) (collecting cases finding the same). Ultimately, the inquiry is whether the defendant had reasonable notice of the defense at the time the plaintiff filed the original complaint. *See Appel v. Bos. Nat'l Title Agency, LLC*, 2019 WL 3858888, at *3, 7 (S.D. Cal. Aug. 15, 2019).

The court in *Hamm*, 2020 WL 5995050, applied these principles of waiver in the context of a defendant's attempt to raise a lack of personal jurisdiction defense and found that both methods of waiver, as discussed above, applied. In *Hamm*, the plaintiffs sued a group of defendants for various causes of action. *See* 2020 WL 599505, at *1-2. The defendants filed a motion to dismiss for failure to state a claim under Rule 12(b)(6) but did not include a motion to dismiss for lack of personal jurisdiction. *Id.*, at *2. The court granted the defendants' motion to dismiss but gave the plaintiffs leave to file a motion to amend their complaint. *Id*. The plaintiffs then moved to amend the complaint and attached a proposed amended complaint that cured the

9

deficiencies in the original complaint. *See id.* The defendants opposed the motion to amend on futility grounds based on Rule 12(b)(6), arguing that most of the claims were time barred and that the plaintiff failed to satisfy the applicable pleading standards. *See id.* Again, the defendants did not raise a personal jurisdiction argument in opposing the motion to amend. *Id.* The court granted in part and denied in part the plaintiffs' motion to amend, allowing the plaintiff to file its amended complaint but narrowing its scope. *See id.* The defendants then moved to dismiss the case for lack of personal jurisdiction. *See id.*, at *1-2.

The court in *Hamm* denied the defendants' motion to dismiss for lack of personal jurisdiction because the defendants waived the defense by conduct and under Rule 12. *Id.*, at *6. With respect to the first way—waiver by conduct—the court found that "by litigating the plaintiffs' later Motion to Amend without reserving a personal jurisdiction defense, the defendant 'gave the plaintiffs a reasonable expectation that the defendant would defend the suit on the merits or caused the court to go to some effort that would be wasted if personal jurisdiction were later found lacking.' " *See id.*, at *6 (M.D. Tenn. Oct. 9, 2020) (quoting *Innovation Ventures, LLC v. Custom Nutrition Lab'ys.*, 912 F.3d 316, 332-33 (6th Cir. 2018) (cleaned up)). In short, by litigating the plaintiffs' motion to amend on Rule 12(b)(6) and other grounds without also objecting to personal jurisdiction, the defendant "failed to signal either to the plaintiffs or to the court that they intended to contest personal jurisdiction." *Id.*

Turning to the second way in which the defendants in *Hamm* waived its personal jurisdiction defense, the defendants failed to raise a personal jurisdiction defense after the plaintiffs filed their original complaint. *Id.*, at *5. Observing that "the defense of lack of personal jurisdiction was clearly available to [the defendants] from the time the plaintiffs filed the original Complaint[,]" the court held that the defendants' failure to raise the defense necessarily waived their ability to do so later. *Id.* That was true even though the plaintiffs' amended complaint contained additional factual allegations, because such additions did not "detract from the fact that the affirmative allegations in the original Complaint failed to establish a basis for the exercise of personal jurisdiction over [the defendants] in this district with respect to the same [claims that were subject to the additional factual allegations]." *Id.*

*Hamm* is on all-fours with this instant case because both forms of waiver in *Hamm* are present in this case. Starting with the first—waiver by conduct—First Liberty filed a motion to amend its third-party complaint, in part to add Liberty Mutual as a plaintiff and in part to add factual allegations. *See* Docket 106; Docket 106-1; Docket 109 at 2. First Liberty attached a proposed complaint, which showed that it sought to add Liberty Mutual as a plaintiff. *See* Docket 106-1. Examworks opposed this amendment on the grounds that the amendments would be futile. Docket 113 at 7. More specifically, Examworks argued the amendments were futile because the amended complaint would not survive a Rule 12(b)(6) motion for failure to state a claim. *See id.* at 7-9. At no point in its opposition to First Liberty's motion to amend

11

the complaint did Examworks raise a lack of personal jurisdiction defense as to either First Liberty or Liberty Mutual, even though Examworks specifically objected to adding Liberty Mutual as a party on other grounds.[4] *See id.* at 2-3, 7-9. Instead, Examworks proposed that if the court refuses to grant leave to amend the complaint, Liberty Mutual could then commence a separate suit against Examworks and then "attempt to combine that separate action with the [lawsuit between First Liberty and Examworks] if appropriate and necessary." *Id.* at 4.

Just as in *Hamm*, Examworks' decision to oppose First Liberty's motion to amend on Rule 12(b)(6) grounds—without raising a personal jurisdiction defense—"failed to signal either to the plaintiffs or to the court that they intended to contest personal jurisdiction." *See Hamm*, 2020 WL 5995050, at *6. Not only did Examworks fail to argue the court lacked personal jurisdiction, but Examworks suggested that Liberty Mutual file a separate lawsuit and then attempt to combine the actions into one if appropriate and necessary. *See* Docket 113 at 4. Although this suggestion does not conclusively demonstrate Examworks' affirmative consent to the court exercising personal jurisdiction, it gave Liberty Mutual and First Liberty "a reasonable expectation that [Examworks] will defend the suit on the merits or cause the court to go to

---

[4] Although a party need not explicitly state it is objecting to personal jurisdiction using the words "personal jurisdiction," *see Valone v. CJS Sols. Grp., LLC*, 9 F.4th 861, 964-65 (8th Cir. 2021), merely objecting to the addition of Liberty Mutual, without more, does not constitute an objection to personal jurisdiction, *see TLC Vision (USA) Corp. v. Freeman*, 2013 WL 2181267, at *6 (E.D. Mo. May 20, 2013) ("The Eighth Circuit has held that a personal jurisdiction defense must be raised in a clear and unambiguous way.").

12

some effort that would be wasted if personal jurisdiction is later found lacking." *Means*, 836 F.3d at 648. Thus, the court finds that Examworks waived its personal jurisdiction defense with respect to both First Liberty and Liberty Mutual's claims based on its conduct by failing to object to personal jurisdiction when First Liberty sought to amend its complaint.

Examworks also waived its personal jurisdiction defense (at least with respect to First Liberty's claims) through the second method of waiver discussed in *Hamm*—by failing to raise a personal jurisdiction argument after First Liberty filed its initial third-party complaint against Examworks. Instead, Examworks filed a motion to dismiss for failure to state a claim. *See* Docket 86; Docket 87. Acknowledging it failed to object to personal jurisdiction after First Liberty's third-party complaint, Examworks nonetheless argues that such failure is not fatal because the amended complaint "assert[ed] entirely different claims than First Liberty's Third-Party Complaint." Docket 126 at 2-3.[5]

---

[5] Examworks also argues that the amended complaint added Liberty Mutual for the first time and thus Examworks' failure to object to the original third-party complaint cannot constitute a waiver of Examworks' personal jurisdiction defense. *See* Docket 126 at 1-3. The court recognizes that First Liberty's third-party complaint did not include Liberty Mutual as a plaintiff. *See* Docket 77. But even if Examworks' lack of personal jurisdiction defense was not "available" to Examworks with respect to Liberty Mutual at the time First Liberty filed its third-party complaint under Rule 12(g)(2), as discussed above, Examworks was on notice of—and in fact specifically opposed—First Liberty's attempt to add Liberty Mutual as a party when First Liberty moved to amend its complaint against Examworks. *See* Docket 106; Docket 113 at 3-6. Even so, Examworks failed to object to personal jurisdiction in opposing this amendment. *See generally* Docket 113. Thus, assuming without deciding that Rule 12(g)(2) is inapplicable to Examworks' failure to object to personal jurisdiction at the time of First Liberty's original third-party complaint with respect to Liberty Mutual, the court has already found that Examworks waived

As discussed above, it is true that amended complaints that significantly alter the scope or change the theories of the original complaint can, in certain circumstances, make available a defense that was previously unavailable. *See, e.g.*, *Krinsk*, 654 F.3d at 1202. But here, when comparing First Liberty's original third-party complaint with First Liberty's amended complaint, the court finds that nothing about First Liberty's amended complaint reveals any potential deficiencies in personal jurisdiction that were unavailable to Examworks at the time of First Liberty's original third-party complaint. In both complaints, First Liberty alleged that Examworks is liable for breach of contract and contractual indemnity. *See* Docket 77 at 11; Docket 120 ¶¶ 16-26. In support, both complaints cite Examworks' agreement with First Liberty to provide First Liberty with qualified physicians to perform independent medical evaluations. *See* Docket 77 at 9; Docket 120 ¶¶ 7-9. Additionally, both complaints specifically reference Dr. Nipper's evaluation of Haukaas as evidence that Examworks breached the contract. *See* Docket 77 at 9; Docket 120 ¶ 12. Thus, Examworks was on notice of Dr. Nipper's alleged role in First Liberty's allegations, as well as Dr. Nipper's potential connections (or lackthereof) to South Dakota.

Examworks points out that First Liberty's amended complaint focuses "much more broadly on ExamWorks' policies and procedures regarding its quality verification and retention process for physicians, which matters have no

_____

its personal jurisdiction argument through its conduct with respect to Liberty Mutual's (and First Liberty's) claims.

connection to South Dakota." *See* Docket 126 at 3. Instead of rooting its allegations in Dr. Nipper's singular independent medical examination of Haukaas, Examworks argues, First Liberty now alleges that "Examworks' alleged breaches are 'ongoing in nature' and 'continue to expose Plaintiffs and other insurers to ongoing damages.' " *See id.* (citing Docket 120 ¶ 20). According to Examworks, First Liberty's decision to expand the scope of its claims "removed the required nexus between such claims and any contacts that ExamWorks may have with the State of South Dakota." *Id.*

The court is unpersuaded by this argument for two reasons. First, although First Liberty more explicitly stated its allegations of Examworks' ongoing pattern of failing to properly screen physicians in its amended complaint, First Liberty did allege in its original third-party complaint that "[i]f the allegations made in [Haukaas]'s amended complaint are true, [Examworks] failed to provide the promised services in [its] respective contract[] with [First Liberty and Liberty Mutual]" and thus breached such contract. Docket 77 ¶¶ 23-24. In turn, Haukaas's amended complaint alleged that First Liberty and Liberty Mutual engaged in a "pattern of conduct of using biased [independent medical examination] doctors like Dr. Nipper to provide biased reports as a basis to deny legitimate claims and reduce claim costs." Docket 72 ¶ 47. Putting these allegations together, Examworks was on notice that First Liberty, through incorporating Haukaas's complaint, raised allegations about Examworks' pattern of failing to provide competent physicians on an ongoing

basis. Thus, it is debatable whether the amended complaint even expands, rather than simply clarifies, the scope of the first complaint.

Second, even if First Liberty's amended complaint expanded the scope of its claims against Examworks to include not solely Dr. Nipper's evaluation of Haukaas but also additional alleged failures of Examworks to adequately screen physicians, this expansion does not explain why Examworks could not have raised a personal jurisdiction defense at the time of First Liberty's original third-party complaint. In the context of personal jurisdiction, when a plaintiff expands its same claims against the same defendant by alleging additional related acts that the defendant took, as compared to the acts alleged in the original complaint, such additional acts seemingly can only expand potential personal jurisdiction over the defendant.

This case does not involve one in which First Liberty abandoned its claim regarding Dr. Nipper's evaluation of Haukaas in South Dakota. Nor did First Liberty first allege widespread failures to properly screen doctors and then later narrow its claims in its amended complaint to one specific doctor. Rather, in its amended complaint, First Liberty incorporated Dr. Nipper's specific evaluation of Haukaas and expanded on it, alleging that this evaluation is part of an ongoing pattern of Examworks failing to properly screen physicians. *See* Docket 120 ¶¶ 12, 16-26. Examworks appears to concede this reality when it argues that First Liberty "expand[ed] the scope" of the original third-party complaint's claims. *See* Docket 126 at 3.

16

Because of this expansion, if anything, Examworks had a stronger reason to object to personal jurisdiction when First Liberty filed its initial third-party complaint as compared to the amended complaint. First Liberty's original third-party complaint gave Examworks reasonable notice of a personal jurisdiction defense, and such defense's availability was at best unaltered by the additional allegations in First Liberty's amended complaint, and at worst *weakened*, not strengthened. *See Appel*, 2019 WL 3858888, at *3, 7. Thus, the court finds that Examworks' personal jurisdiction defense was "available" to Examworks when Examworks filed its motion to dismiss the original third-party complaint for failure to state a claim. *See* Fed. R. Civ. P. 12(g)(2); Docket 86. Because Examworks failed to raise an available personal jurisdiction defense at the same time it filed its 12(b)(6) motion regarding First Liberty's original third-party complaint, Examworks waived its right to do so. *See* Fed. R. Civ. P. 12(b)(1)(A); Wright & Miller, Federal Practice and Procedure § 1391. Based on this waiver, the court denies Examworks' motion to dismiss for lack of personal jurisdiction.[6]

## II.    Sanctions

In a single, undeveloped footnote and without citing the Rule of Civil Procedure upon which First Liberty and Liberty Mutual depend, First Liberty and Liberty Mutual ask the court to sanction Examworks and to award First Liberty and Liberty Mutual the costs and fees they had to expend litigating

---

[6] Because the court finds that Examworks waived it personal jurisdiction defense, the court does not reach Examworks' motion on its merits.

Examworks' instant motion. *See* Docket 124 at 6 n.2. Construing this footnote as a request for sanctions under Federal Rule of Civil Procedure 11, First Liberty and Liberty Mutual have failed to comply with Rule 11's procedural requirements. Under Rule 11(c)(2), a party seeking sanctions must file a separate motion that "describe[s] the specific conduct that allegedly violates Rule 11(b)." Fed. R. Civ. P. 11(c)(2). Here, First Liberty and Liberty Mutual failed to file a separate motion. Although First Liberty and Liberty Mutual state that Examworks' motion to dismiss for lack of personal jurisdiction is "baseless," they do not further elaborate and thus have failed to "describe the specific conduct that allegedly violates Rule 11(b)." *Id.* Thus, the court denies First Liberty and Liberty Mutual's request for sanctions for failure to abide by Rule 11's procedural requirements. *See Gordon v. Unifund CCR Partners*, 345 F.3d 1028, 1029-30 (8th Cir. 2003) (reversing district court's award of Rule 11 sanctions because moving party failed to comply with Rule 11's procedural requirements).

## CONCLUSION

Examworks, through its conduct and under Federal Rule of Civil Procedure 12, has waived its ability to object to lack of personal jurisdiction. First Liberty and Liberty Mutual have also failed to comply with Rule 11's procedural requirements regarding sanctions. Thus, it is

ORDERED

1) that Examworks' motion to dismiss for lack of personal jurisdiction (Docket 122) is DENIED; and

2)  First Liberty and Liberty Mutual's request for sanctions (Docket 124

at 6 n.2) is DENIED.

Dated September 15, 2023

BY THE COURT:


/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE

19