**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH DAKOTA**
**SOUTHERN DIVISION**

| | |
|---|---|
| THE FIRST LIBERTY INSURANCE CORPORATION and LIBERTY MUTUAL INSURANCE COMPANY,<br><br>Plaintiffs,<br><br>vs.<br><br>EXAMWORKS, LLC,<br><br>Defendant, | Case No. 4:20-CV-04061-KES<br><br><br>**ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIM** |

Defendant ExamWorks, LLC ("ExamWorks"), for its Answer to Plaintiffs' The First Liberty Insurance Corporation ("First Liberty") and Liberty Mutual Insurance Company ("Liberty Mutual") Amended Complaint, hereby states and alleges as follows:

1.      ExamWorks denies each and every allegation in the Amended Complaint except as hereinafter specifically admitted.

2.      ExamWorks has insufficient knowledge to admit or deny Paragraphs 1 and 2, and on that basis, denies the allegations contained therein.

3.      ExamWorks admits Paragraph 3.

4.      Paragraphs 4, 5, and 6 state legal conclusions to which no response is necessary.

5.      As to paragraphs 7, 8, 9 and 10, ExamWorks admits that it has entered into a vendor agreement with Liberty Mutual.  Otherwise, ExamWorks states that such agreement speaks for itself. Any additional allegations including any allegation of wrongdoing contained in Paragraphs 7, 8, 9 and 10 are hereby denied.

6. As to Paragraphs 11 and 12, ExamWorks admits that Liberty Mutual was named as a defendant in a lawsuit commenced by Tanya Haukaas ("Haukaas") on or about April 3, 2020 and that the complaint in that matter was amended on or about May 31, 2022. Otherwise, ExamWorks states that such complaint and amended complaint speak for themselves. Any additional allegations including any allegation of wrongdoing contained in Paragraphs 11 and 12 are hereby denied.

7. ExamWorks has insufficient knowledge to admit or deny Paragraph 13, and on that basis, denies the allegations contained therein.

8. ExamWorks denies Paragraph 14.

9. As to Paragraph 15, ExamWorks admits that Liberty Mutual and/or First Liberty settled the claims asserted against them by Haukaas. Otherwise, Paragraph 15 is denied. Any allegation of wrongdoing contained in Paragraph 15 is hereby expressly denied.

## COUNT ONE – BREACH OF CONTRACT

10. Paragraph 16 contains no new allegations, and as such, no additional response is required. ExamWorks readopts and reaffirms its responses to Paragraphs 1 through 15 of the Amended Complaint.

11. ExamWorks asserts that it had no contractual relationship with First Liberty applicable to the present matter and, accordingly, First Liberty cannot sustain a claim for breach of contract against ExamWorks.

12. ExamWorks denies Paragraphs 17, 18, 19, 20, and 21.

## COUNT TWO – CONTRACTUAL INDEMNITY

13.     Paragraph 22 contains no new allegations, and as such, no additional response is required. ExamWorks readopts and reaffirms its responses to Paragraphs 1 through 21 of the Amended Complaint.

14.     ExamWorks asserts that it had no contractual relationship with First Liberty applicable to the present matter and, accordingly, First Liberty cannot sustain a claim for breach of contract against ExamWorks.

15.     As to Paragraph 23, ExamWorks admits that it has entered into a vendor agreement with Liberty Mutual and that such agreement contains mutual indemnity agreements.  Otherwise, ExamWorks states that such agreement speaks for themselves. Any additional allegations including any allegation of wrongdoing contained in Paragraph 23 is hereby expressly denied.

16.     ExamWorks denies Paragraphs 24, 25, and 26.

17.     ExamWorks denies that Plaintiffs are entitled to the relief requested in the prayer for relief contained in the Amended Complaint.

## AFFIRMATIVE DEFENSES

1.     Pleading in the affirmative, ExamWorks states Plaintiffs' Amended Complaint fails to state a claim upon which relief may be granted, and ExamWorks moves that the Complaint be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

2.     Pleading in the affirmative, ExamWorks states the Court lacks personal jurisdiction over ExamWorks for purposes of the claims asserted in the Amended Complaint.

3.     Pleading in the affirmative, ExamWorks specifically pleads insufficiency of process, insufficiency of service of process, and failure to join a necessary party found in Rule 12 of the Federal Rules of Civil Procedure.

4.      Pleading in the affirmative, ExamWorks states Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

5.      Pleading in the affirmative, ExamWorks states Plaintiffs' claims are barred, in whole or in part, by the statute of frauds.

6.      Plaintiffs seek compensatory damages "for all amounts paid in settlement of the claims made by Tanya Haukaas". Any amounts paid in settlement to Haukaas were to settle claims of bad faith failure to pay or delay in paying worker's compensation benefits. ExamWorks did not and could not determine when or if worker's compensation benefits could have been paid to Haukaas and, as a result, cannot be liable for Plaintiffs' claimed compensatory damages. In fact, Plaintiffs contractually agreed that ExamWorks is not responsible for any determinations regarding payment of workers' compensation benefits and that it would indemnify ExamWorks for any claims of bad faith failure to pay such benefits.

7.      Pleading in the affirmative, ExamWorks states Plaintiffs' claims are barred, in whole or in part, by the doctrines of breach of contract, accord and satisfaction, release, waiver, estoppel, unclean hands, and laches.

8.      Pleading in the affirmative, ExamWorks states Plaintiffs' alleged damages were caused by Plaintiffs' own conduct, or by the conduct of its agents, representatives, and consultants other than ExamWorks.

9.      Pleading in the affirmative, ExamWorks states that, if Plaintiffs were damaged as alleged in the Complaint, which ExamWorks specifically denies, that such alleged damages were proximately caused by and were solely the result of fault on the part of third parties over whom ExamWorks had and exercised no control and for whose fault and/or omissions ExamWorks is not liable. Further, ExamWorks states that the fault and/or omissions of said third parties is

sufficiently great to constitute an independent, intervening, or superceding proximate cause, thereby relieving ExamWorks of any responsibility to Plaintiffs herein.  Notably, ExamWorks states it is undisputed that O'Hara, First Liberty's case management vendor, contacted ExamWorks and specifically selected and requested the doctor to perform the IME of Haukaas.

10.    Plaintiffs have failed to reasonably mitigate damages, if any.

## COUNTERCLAIM

ExamWorks, for its Counterclaim against Plaintiff, Liberty Mutual states and alleges as follows:

### ADDITIONAL FACTS RELEVANT TO COUNTERCLAIMS

1.    At all times relevant to this action, Liberty Mutual and ExamWorks were parties to the Vendor Agreement.

2.    The Vendor Agreement applies to IME services for any insurance policy issued by Liberty Mutual or its affiliates and subsidiaries, who issued and administered the relevant workers' compensation insurance policy at issue in this action.

3.    The Vendor Agreement provides that the Vendor services rendered to Liberty Mutual by ExamWorks "are advisory in nature and accordingly [ExamWorks] or Network Providers shall not have authority or responsibility for determining who is eligible to receive any type of benefit, the amount of any benefit to be paid under any insurance Policy or Plan, or for eligibility determinations, claims processing, or employee payment determinations or other similar determinations.  All such authority and responsibility for such determinations remain with [Liberty Mutual]."

4.    The Vendor Agreement provides that Liberty Mutual "shall retain full responsibility for all medical benefits, temporary and permanent disability benefits, death benefits,

medical-legal responses, vocational rehabilitation, and any other expenses or services that are required to be paid or provided" under the applicable insurance policy or workers' compensation laws.

5.    The Vendor Agreement provides that Liberty Mutual "shall retain full responsibility for all final determinations regarding compensability and the obligation of [Liberty Mutual] or any other person to pay for or otherwise provide Policy or Plan benefits, including workers' compensation benefits, to Injured Persons, including without limitation claims by or against Employers, Injured persons, members of a network, facilities or other health care service providers."

6.    The Vendor Agreement also contains a mutual indemnification clause wherein each party agrees to indemnify and hold the other harmless from:  (1) "all liabilities, claims, damages, causes of action, costs, and expenses" relating to either a material breach of the Vendor Agreement by either party, or any negligence of either party; and (2) any liabilities incurred by any individual providing services under the agreement.  Specifically, the Vendor Agreement provides that Liberty Mutual must indemnify and hold ExamWorks harmless from all liabilities, claims, costs and expenses (including attorneys' fees and expenses) imposed upon or asserted against ExamWorks arising from, among other things, the bad faith actions of any employee or representative of Liberty Mutual.

7.    The mutual indemnification clause also contains a carveout that states that any indemnitor is not required to indemnify an indemnitee when any liability was incurred directly by the indemnitee.

8.    The damages sought by Liberty Mutual against ExamWorks in the Amended Complaint herein are described by Liberty Mutual as "all amounts paid in settlement of the claims made [against Liberty Mutual and First Liberty] by Tanya Haukaas."

9.    The only claim asserted against Liberty Mutual and First Liberty by Tanya Haukaas was for the bad faith denial of workers' compensation benefits to her.

### COUNTERCLAIM ONE – BREACH OF CONTRACT

10.    ExamWorks incorporates the above-stated paragraphs as if fully set forth herein.

11.    ExamWorks and Liberty Mutual entered into a Vendor Agreement whereby Liberty Mutual agreed that:

    a.    ExamWorks' services were purely advisory and that ExamWorks did not have any authority or responsibility for determining eligibility for any benefits to be paid under any insurance policy;

    b.    Plaintiffs retained full responsibility for all medical benefits paid or provided under the applicable insurance policy or workers' compensation laws;

    c.    Plaintiffs retained full responsibility for all final determinations made by them regarding compensability, and the obligation of Plaintiffs or any other person to pay for or otherwise provide insurance policy benefits for claims made by injured persons;

    d.    ExamWorks did not have any responsibility or liability whatsoever for any payments made under any applicable insurance policy; and

e.   ExamWorks was not acting as an insurer, guarantor, or underwriter of the responsibility or liability of Plaintiffs to provide benefits pursuant to the applicable insurance policy.

12.   Tanya Haukaas asserted claims against Plaintiffs for the bad faith denial of workers' compensation benefits to her.

13.   Liberty Mutual agreed in the Vendor Agreement that the decisions of whether, when and to what extent Plaintiffs would pay workers' compensation benefits to Tanya Haukaas were its sole and exclusive responsibility and that it would indemnify and hold ExamWorks harmless from any claims of bad faith denial of such benefits.

14.   Based upon information and belief, Plaintiffs paid Tanya Haukaas a sum of money to settle claims of bad faith denial of workers' compensation benefits and now improperly seeks reimbursement of such amount from ExamWorks in breach of the terms of the Vendor Agreement.

15.   Liberty Mutual, its affiliates and subsidiaries, breached their agreement with ExamWorks by failing to bear full responsibility for their determinations regarding the payment of claims, and by bringing claims against ExamWorks and improperly seeking reimbursement for amounts paid to Tanya Haukaas to settle claims of bad faith denial of workers' compensation benefits in the initial action by Haukaas and in the present action.

16.   Plaintiffs' actions constitute a material breach of contract.

17.   As a result of Plaintiffs' breach of contract, ExamWorks has suffered damages, including but not limited to attorneys' fees and litigation costs in an amount to be proven at trial.

**COUNTERCLAIM TWO – CONTRACTUAL INDEMNITY**

18.   ExamWorks incorporates the above-stated paragraphs as if fully set forth herein.

19. Plaintiffs agreed to indemnify and hold ExamWorks harmless from (1) "all liabilities, claims, damages, causes of action, costs, and expenses" relating a material breach of the Vendor Agreement by either party, or any negligence of either party; and (2) any liabilities incurred by any individual providing services under the Vendor Agreement. Specifically, the Vendor Agreement provides that Liberty Mutual must indemnify and hold ExamWorks harmless from all liabilities, claims, costs and expenses (including attorneys' fees and expenses) imposed upon or asserted against ExamWorks arising from, among other things, the bad faith actions of any employee or representative of Liberty Mutual.

20. Plaintiffs materially breached their contractual obligations to ExamWorks as outlined above.

21. ExamWorks tendered the defense and indemnification obligations associated with the claims asserted against it by Plaintiffs to Liberty Mutual and Liberty Mutual denied such tender.

22. As a result of Plaintiffs' breach of contract, ExamWorks has suffered damages, including attorneys' fees and litigation costs in an amount to be proven at trial. ExamWorks is therefore entitled to be indemnified and held harmless by Liberty Mutual for any and all amounts paid by ExamWorks to defend all claims asserted against it arising out of Liberty Mutual's negligent, intentional, wrongful or bad faith refusal to pay workers' compensation benefits to Tanya Haukaas as well as all amounts paid by ExamWorks to resolve such claims.

WHEREFORE, ExamWorks respectfully requests that the Court grant the following relief:

1. Entry of judgment dismissing the Amended Complaint in its entirety with prejudice and with costs assessed against the Plaintiffs;

2.        Entry of Judgment against Plaintiffs on the Counterclaims alleged herein for actual and consequential damages, in the amounts to be determined at trial, plus interest, costs, and attorneys' fees; and

3.        For such other and further relief as the Court determines just and equitable.

TRIAL BY JURY IS HEREBY RESPECTFULLY DEMANDED ON ALL ISSUES TRIABLE.

Dated: October 20, 2023           Ballard Spahr LLP


By:    */s/ Daniel R. Fritz*

Daniel R. Fritz
Shad E. Christman
Email: fritzd@ballardspahr.com
Email: christmans@ballardspahr.com
101 South Reid Street, Suite 302
Sioux Falls, SD 57103-7030

Attorneys for Defendant ExamWorks

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 20th day of October, 2023, a true and correct copy of the foregoing ANSWER TO AMENDED COMPLAINT and COUNTERCLAIM, in the above-entitled matter, was provided electronically through CMECF to the following named persons at their last known address:

Jack H. Hieb
RICHARDSON, WYLY,
WISE, SAUCK & HIEB
1 Court Street
P.O. Box 1030
Aberdeen, SD 57402
Jhieb@rwwsh.Com

and

Daniel W. Berglund
GROTEFELD, HOFFMANN, GORDON,
OCHOA & EVINGER
150 South Fifth, St., Suite 3650
Minneapolis, MN 55402
dberglund@ghlaw-llp.com

*Attorneys for Plaintiffs First Liberty Insurance Corporation and Liberty Mutual Insurance Company*


**BALLARD SPAHR LLP**


By: */s/ Daniel R. Fritz*
Daniel R. Fritz
*Attorney for Defendant ExamWorks*